Referred to: Magistrate Judge Jennifer T. Lum
Case in other court: Superior Court State of CA County of
Los Angeles, SC092883
Cause: 28:1441 Notice of Removal

Jury Demand: Both
Filed: 02/07/2008 5 Attached Product
Liability
Jurisdiction: Diversity

**Plaintiff**

**Melanie Lidle**
*personal representative on behalf of the*
*Estate of Cory Lidle*

represented by **Stacy M King**
Macaluso and Associates
600 West Broadway, Suite 1200
San Diego, CA 92101
619-230-0340
Email: sking@macalusolawsd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd E Macaluso**
Macaluso & Associates
600 West Broadway, Suite 1200
San Diego, CA 92101
619-230-0340
Email: tmacaluso@macalusolawsd.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary M Lemley**
Macaluso and Associates
600 West Broadway
Suite 1200
San Diego, CA 92101
619-230-0340
Email: zlemley@macalusolawsd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

I hereby attest and certify on 1/30/08
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

By _____ Deputy

0043

**Plaintiff**

**Melanie Lidle**
*an Individual*

represented by **Stacy M King**
(See above for address)

**C. L.**
*a minor, by and through his Guardian*
*ad Litem Jordan Feagan*

represented by **Stacy M King**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd E Macaluso**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary M Lemley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stephanie Stanger**
*administrator on behalf of the Estate of*
*Tyler Stanger*

represented by **Stacy M King**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd E Macaluso**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary M Lemley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stephanie Stanger**
*an individual*

represented by **Stacy M King**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A. S.**
*a minor, by and through her Guardian*
*ad Litem, Thayne Stanger*

represented by **Stacy M King**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd E Macaluso**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary M Lemley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jordan Feagan**

represented by **Jordan Feagan**
PRO SE

**Plaintiff**

**Thayne Stanger**
*Guardian Ad Litem*

represented by **Thayne Stanger**
PRO SE

V.

**Defendant**

**Cirrus Design Corporation**
*a Wisconsin Corporation*

represented by **Ginger Florence Heyman Pigott**
Reed Smith
355 S Grand Ave, Ste 2900
Los Angeles, CA 90071-1514
213-457-8000
Email: gheyman@reedsmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick E Bradley**
Reed Smith

*doing business as*
Teledyne Continental Motors Inc
*TERMINATED: 11/14/2007* Case 2:08-cv-01283-BSJ-HBP   Document 1   Filed 02/07/2008   Page 4 of 15

**Jed P White**
Bryan Cave
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
310-576-2114
Email: jed.white@bryancave.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey W Morof**
Bryan Cave
120 Broadway, Ste 300
Santa Monica, CA 90401-2305
310-576-2100
Email: jwmorof@bryancave.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick E Bradley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert E Boone, III**
Bryan Cave
120 Broadway, Ste 300
Santa Monica, CA 90401-2386
310-576-2385
Email: reboone@bryancave.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hartzell Propeller Inc**
*a Ohio Corporation*
*TERMINATED: 08/03/2007*

represented by **Ginger Florence Heyman Pigott**
(See above for address)
*TERMINATED: 08/03/2007*
*LEAD ATTORNEY*

https://ecf.cacd.circ9.dcn/cgi-bin/DktRpt.pl?101630723422407-L_353_0-1          1/28/2008



**Patrick E Bradley**
*TERMINATED: 08/03/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd Christopher Worthe**
Worth Hanson and Worthe
1851 East First Street Ninth Floor
Santa Ana, CA 92705
714-285-9600
Email: tworthe@whwlawcorp.com
*TERMINATED: 08/03/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**S-TEC Corporation**
*a Texas Corporation*
*TERMINATED: 11/14/2007*

represented by **Austin W Bartlett**
Adler Murphy and McQuillen
1 North LaSalle Street, Suite 2300
Chicago, IL 60602
312-345-0700
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ginger Florence Heyman Pigott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael G McQuillen**
Adler Murphy & McQuillen
1 N LaSalle St, Ste 2300
Chicago, IL 60602
312-345-0700
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

https://ecf.cacd.circ9.dcn/cgi-bin/DktRpt.pl?101630723422407-L_353_0-1          1/28/2008

**Defendant**

**Honeywell Inc**                                    represented by **Chung Hae Han**
*a California Business*                                                Perkins Coie
*TERMINATED: 08/31/2007*                                              South Tower
*Erroneously Sued As*                                                 1620 26th St, 6th Fl
Honeywell International Inc                                            Santa Monica, CA 90404
*TERMINATED: 08/31/2007*                                              310-788-9900
                                                                      Email: chan@perkinscoie.com
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Ginger Florence Heyman Pigott**
                                                                      (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Patrick E Bradley**
                                                                      (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Justice Aviation Inc**                             represented by **Ginger Florence Heyman Pigott**
*a California Corporation*                                            (See above for address)
*TERMINATED: 08/03/2007*                                             *TERMINATED: 08/03/2007*
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Keith Lovendosky**
                                                                      Bailey and Partners
                                                                      2800 28th Street, Suite 200
                                                                      Santa Monica, CA 90405-6203
                                                                      310-392-5000
                                                                      Fax: 310-392-8091
                                                                      *TERMINATED: 08/03/2007*

**Patrick L Bradley**
(See above for address)
*TERMINATED: 08/03/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DOES**
*7 through 100 inclusive*

**Defendant**

**Avidyne Corporation**                                  represented by **Christopher S Hickey**
*TERMINATED: 08/31/2007*                                 Mendes and Mount
*formerly known as*                                      445 South Figueroa Street, 38th Floor
DOE 1                                                    Los Angeles, CA 90071
*TERMINATED: 08/31/2007*                                 213-955-7700
                                                         Email:
                                                         christopher.hickey@mendes.com
                                                         *TERMINATED: 10/12/2007*

                                                         **Courtney M Poel**
                                                         Mendes and Mount
                                                         445 South Figueroa Street, 38th Floor
                                                         Los Angeles, CA 90071
                                                         213-955-7700
                                                         Email: courtney.poel@mendes.com
                                                         *TERMINATED: 10/12/2007*

                                                         **Garth W Aubert**
                                                         Mendes & Mount
                                                         Citicorp Plaza
                                                         445 S Figueroa St, 38th Floor
                                                         Los Angeles, CA 90071-1601
                                                         213-955-7700
                                                         Email: garth.aubert@mendes.com
                                                         *TERMINATED: 10/12/2007*

## Defendant

### Infinity Data Corporation
*TERMINATED: 11/14/2007*
*formerly known as*
Doe 4
*TERMINATED: 11/14/2007*

## Defendant

### Keyson Airways Corporation
*TERMINATED: 11/14/2007*
*formerly known as*
Doe 5
*TERMINATED: 11/14/2007*

## Defendant

### East Coast Aviation Hanscom AFB
*TERMINATED: 11/14/2007*
*formerly known as*
Doe 6
*TERMINATED: 11/14/2007*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/06/2007 | ❍1 | NOTICE OF REMOVAL from Superior Court of the State of California in and for the County of Los Angeles, case number SC092883 with conformed copy of summons, complaint and Doe amendments. Case assigned to Judge Margaret M. Morrow, Discovery to Magistrate Judge Jennifer T Lum. (Filing fee $ 350 PAID), filed by defendant Cirrus Design Corporation.(ak) Modified on 7/12/2007 (jj, ). (Entered: 07/12/2007) |
| 07/06/2007 | ❍ | CONFORMED COPY OF ANSWER to Complaint - submitted attached to Notice of Removal, [1] filed by defendant Justice Aviation Inc. Filed |

| | | |
|---|---|---|
| | | Notice of Removal, [1] filed by defendants Cirrus Design Corporation. Filed in State Court 04/09/2007.(ak) (Entered: 07/12/2007) |
| 07/06/2007 | ❍ | NONCONFORMED COPY OF ANSWER to Complaint submitted attached to Notice of Removal, [1] filed by defendant Hartzell Propeller Inc. Received in State Court.(ak) (Entered: 07/12/2007) |
| 07/06/2007 | ❍ | NONCONFORMED COPY OF ANSWER to Complaint, submitted attached to Notice of Removal, [1] filed by defendant S-TEC Corporation. Received in State Court.(ak) (Entered: 07/12/2007) |
| 07/06/2007 | ❍ | NOTICE of Appearance filed by attorney Courtney M Poel, Christopher S Hickey, Garth W Aubert on behalf of Defendant Avidyne Corporation (ak) (Entered: 07/12/2007) |
| 07/06/2007 | ❍ | NONCONFORMED COPY OF ANSWER to Complaint submitted attached to Notice of Removal, [1] filed by defendant Avidyne Corporation. Received in State Court.(ak) (Entered: 07/12/2007) |
| 07/06/2007 | ❍ | FAX number for Attorney Garth W Aubert, Christopher S Hickey, Courtney M Poel is 213-955-7725. (ak) (Entered: 07/12/2007) |
| 07/06/2007 | ❍ | FAX number for Attorney Ginger Florence Heyman Pigott is 213-457-8080. (ak) (Entered: 07/12/2007) |
| 07/06/2007 | ❍ | FAX number for Attorney Patrick E Bradley is 609-951-0824. (ak) (Entered: 07/12/2007) |
| 07/06/2007 | ❍ | FAX number for Attorney Stacy M King, Zachary M Lemley, Todd E Macaluso is 619-230-8892. (ak) (Entered: 07/12/2007) |
| 07/06/2007 | ❍ | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney Patrick E Bradley for Defendant Cirrus Design Corporation. (ak) (Entered: 07/12/2007) |
| 07/06/2007 | ❍2 | CERTIFICATION of Interested Parties filed by Defendant Cirrus Design Corporation. (ak) (Entered: 07/12/2007) |
| 07/06/2007 | ❍3 | NOTICE TO PARTIES OF ADR PILOT PROGRAM filed.(ak) (Entered: 07/12/2007) |

| | | SCHEDULING CONFERENCE held before Judge Margaret M. Morrow. Counsel are directed to comply with Rule 26(f) of the Federal Rules of Civil Procedure in a timely fashion and to file a Joint Rule 26(f) Report on or before August 31, 2007.(ca) (Entered: 07/13/2007) |
|---|---|---|
| 07/10/2007 | 🔵13 | CERTIFICATE OF SERVICE filed by Defendant Cirrus Design Corporation, re Notice to Adverse Party of Removal to Federal Court [1] served on 7/10/07. (et) (Entered: 07/19/2007) |
| 07/10/2007 | 🔵14 | PROOF OF SERVICE filed by Defendant Cirrus Design Corporation, re Notice of Assigntment to US Magistrate Judge for Discovery; Clerk office service for attorneys and the general public; notice to counsel, optical scanning enrollment/update form and Notice to Parties of Adr Pilot Program (ADR-8)3 served on 7/10/07. (et) (Entered: 07/19/2007) |
| 07/13/2007 | 🔵9 | CERTIFICATION AS TO Interested Parties filed by Defendant Honeywell Inc. (et) (Entered: 07/16/2007) |
| 07/13/2007 | 🔵10 | DEMAND for Jury Trial filed by Defendant Honeywell International Inc erroneously sued as Honeywell Inc. (et) (Entered: 07/16/2007) |
| 07/13/2007 | 🔵11 | DEMAND for Jury Trial filed by Plaintiffs C. L., Stephanie Stanger (administrator on behalf of the Estate of Tyler Stanger), Stephanie Stanger(an individual), A. S., Melanie Lidle(personal representative on behalf of the Estate of Cory Lidle), Melanie Lidle(an Individual). (et) (Entered: 07/18/2007) |
| 07/13/2007 | 🔵12 | PROOF OF SERVICE filed by Plaintiffs C. L., Stephanie Stanger (administrator on behalf of the Estate of Tyler Stanger), Stephanie Stanger(an individual), A. S., Melanie Lidle(personal representative on behalf of the Estate of Cory Lidle), Melanie Lidle(an Individual), re Jury Demand, [11] served on 6/12/2007. (et) (Entered: 07/18/2007) |
| 07/13/2007 | 🔵15 | NOTICE of Request to Remove Defendant Hartzell Propeller, Inc. from Service List filed by Defendant Hartzell Propeller Inc. (csa) (Entered: 07/26/2007) |
| 07/18/2007 | 🔵17 | RESPONSE filed by Defendant Hartzell Propeller Inc to Notice to Parties of Adr Pilot Program (ADR-8)3. (ad) (Entered: 08/01/2007) |

| | | Pigott; Patrick E Bailey and Patrick E Bradley terminated. (rrey) |
|---|---|---|
| 08/03/2007 | ❍ | (Court only) *** Attorney Jeffrey A Worthe; Todd Christopher Worthe; Patrick E Bradley and Ginger Florence Heyman Pigott terminated., *** Party Hartzell Propeller Inc terminated. (rrey) (Entered: 08/07/2007) |
| 08/07/2007 | ❍19 | APPLICATION of Patrick E Bradley for Leave to Appear Pro Hac Vice. FEE PAID. filed by defendant Cirrus Design Corporation. Lodged Order. (rrey) (Entered: 08/09/2007) |
| 08/20/2007 | ❍21 | APPLICATION of Austin W Bartlett for Leave to Appear Pro Hac Vice. FEE PAID. filed by defendant S-TEC Corporation. Lodged Order. (rrey) (Entered: 08/23/2007) |
| 08/20/2007 | ❍22 | APPLICATION of Michael G McQuillen for Leave to Appear Pro Hac Vice. FEE PAID. filed by defendant S-TEC Corporation. Lodged Order. (rrey) (Entered: 08/23/2007) |
| 08/22/2007 | ❍23 | ORDER by Judge Margaret M. Morrow GRANTING APPLICATION of Michael G McQuillen for Leave to Appear Pro Hac Vice. FEE PAID.[22] (rrey) (Entered: 08/24/2007) |
| 08/22/2007 | ❍ | (Court only) ***MOTION RULING: by Judge Margaret M. Morrow: granting [22] Application to Appear Pro Hac Vice by Attorney Michael G McQuillen on behalf of defendant S-TEC Corporation, designating Ronald M Greenberg as local counsel. (rrey) (Entered: 08/24/2007) |
| 08/22/2007 | ❍24 | ORDER by Judge Margaret M. Morrow GRANTING APPLICATION of Austin W Bartlett for Leave to Appear Pro Hac Vice. FEE PAID.[21] (rrey) (Entered: 08/24/2007) |
| 08/22/2007 | ❍ | (Court only) ***MOTION RULING: by Judge Margaret M. Morrow : granting [21] Application to Appear Pro Hac Vice by Attorney Austin W Bartlett on behalf of defendant S-TEC Corporation, designating Ronald M Greenberg as local counsel. (rrey) (Entered: 08/24/2007) |
| 08/22/2007 | ❍25 | ORDER by Judge Margaret M. Morrow GRANTING APPLICATION of Patrick E Bradley for Leave to Appear Pro Hac Vice. FEE PAID.[19] (rrey) (Entered: 08/24/2007) |
| 08/22/2007 | ❍ | (Court only) ***MOTION RULING: by Judge Margaret M. Morrow : |

| | | |
|---|---|---|
| | | JOINT REPORT Rule 26(f) Discovery Plan; estimated length of trial 20-23 days,And order setting scheduling conference (bg) (Entered: 09/04/2007) |
| 08/31/2007 | ❑28 | STIPULATION AND ORDER by Judge Margaret M. Morrow that all claims in this matter as to Avidyne S-tec and Honeywell are dismissed with prejudice and without n award of fees and costs.(bg) (Entered: 09/05/2007) |
| 09/06/2007 | ❑29 | MINUTES IN CHAMBERS ORDER by Judge Margaret M. Morrow. Scheduling Conference8 is continued to 10/9/2007 09:00 AM before Judge Margaret M. Morrow.(ah) (Entered: 09/06/2007) |
| 10/02/2007 | ❑30 | STIPULATION AND ORDER by Judge Margaret M. Morrow. Scheduling Conference 29 is continued to 10/15/2007 09:00 AM before Judge Margaret M. Morrow.(ah) (Entered: 10/02/2007) |
| 10/05/2007 | ❑31 | REQUEST to Remove Defendant S-Tec Corporation from Service List filed by defendant S-TEC Corporation. (ad) (Entered: 10/11/2007) |
| 10/12/2007 | ❑33 | NOTICE TO REMOVE Defendant Avidyne Corporation from Service List filed by Defendant Avidyne Corporation. (ir) (Entered: 10/17/2007) |
| 10/15/2007 | ❑32 | NOTICE OF DISCREPANCY AND ORDER: by Judge Margaret M. Morrow, ORDERING amended joint rule 26 report submitted by Plaintiff Melanie Lidle received on 10/12/07 is not to be filed but instead rejected. Denial based on: document not signed by both counsel.(bp) (Entered: 10/15/2007) |
| 10/15/2007 | ❑34 | MINUTES OF SCHEDULING CONFERENCE held before Judge Margaret M. Morrow. Rule 16 disclosures: October 29, 2007 Deadline to file motions/stipulations seekingamendment of pleadings: November 19, 2007 Further telephone status conference: April 17, 2008 at 5:00 p.m. Fact discovery cut-off: May 16, 2008 Initial expert disclosures: May 30, 2008 Rebuttal expert disclosures: June 20, 2008 Expert discovery cut-off: July 18, 2008 Motions hearing cut-off: August 25, 2008 at 10:00 a.m. Pretrial Conference: September 22, 2008 at 9:00 a.m. Jury Trial: October 21, 2008 at 8:30 a.m.Court Reporter: Mark Schweitzer.(ah) (Entered: 10/22/2007) |

| | | for guardian ad litem on 10/30/07. (bp) (Entered: 11/02/2007) |
|---|---|---|
| 11/05/2007 | ❷38 | STIPULATION for Appointment of Guardian AD Litem for Powell Chase Stanger filed by plaintiff C. L., Stephanie Stanger(administrator on behalf of the Estate of Tyler Stanger), A. S., Melanie Lidle(personal representative on behalf of the Estate of Cory Lidle). IT IS HEREBY STIPULATED AND AGREED by and between the parties to the above entitled action, by their respective counsel, that a guardian ad litem be appointed for Powell Chase Stanger, a minor. The guardian ad litem shall be Thayne Stanger, grandfather to Powell Chase Stanger. IT IS SO ORDERED by the Honarable Jennifer T. Lum, Magistrate Judge.(vm) (Entered: 11/05/2007) |
| 11/09/2007 | ❷40 | ORDER GRANTING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT by Judge Margaret M. Morrow : Plaintiffs granted leave to file First Amended Complaint adding P.C.S., a minor. Answer of defendant Cirrus Design Corp. on file will be deemed answer to First Amended Complaint. Amended complaint must be filed by 11/19/2007. Counsel shall comply with L.R. 79-5.4. (ah) (Entered: 11/12/2007) |
| 11/09/2007 | ❷41 | NOTICE OF MOTION AND MOTION to Transfer Case to Southern District of New York filed by defendant Cirrus Design Corporation.Motion set for hearing on 1/14/2008 at 10:00 AM before Judge Margaret M. Morrow. Lodged proposed order. (bp) (Entered: 11/14/2007) |
| 11/09/2007 | ❷42 | MEMORANDUM of Points and Authorities in Support of MOTION to Transfer Case to Southern District of New York[41] filed by Defendant Cirrus Design Corporation. (bp) (Entered: 11/14/2007) |
| 11/09/2007 | ❷43 | DECLARATION of Tamara M. Rudolph in support of MOTION to Transfer Case to Southern District of New York[41] filed by Defendant Cirrus Design Corporation. (bp) (Entered: 11/14/2007) |
| 11/09/2007 | ❷44 | DECLARATION of William King in support of MOTION to Transfer Case to Southern District of New York[41] filed by Defendant Cirrus Design Corporation. (bp) (Entered: 11/14/2007) |
| 11/09/2007 | ❷45 | REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION to Transfer Case to Southern District of New York[41] filed by Defendant |

| | | Inc; East Coast Aviation Transcom AI B and Infinity Data Corporation... terminated amending Notice of Removal [1] filed by plaintiffs' Jordan Feagan, Thayne Stanger, C. L., Stephanie Stanger(administrator on behalf of the Estate of Tyler Stanger), Stephanie Stanger(an individual), Melanie Lidle(personal representative on behalf of the Estate of Cory Lidle), Melanie Lidle(an Individual) (bp) (Entered: 11/19/2007) |
|---|---|---|
| 11/14/2007 | ●48 | PROOF OF SERVICE Executed by plaintiffs' C. L., Stephanie Stanger (administrator on behalf of the Estate of Tyler Stanger), Stephanie Stanger(an individual), Jordan Feagan, Thayne Stanger, A. S., Melanie Lidle(personal representative on behalf of the Estate of Cory Lidle), Melanie Lidle(an Individual), upon Cirrus Design Corporation served on 11/13/2007, answer due 12/3/2007. The Summons and Complaint were served by mail service, by service by statute not cited statute, upon Ginger Heyman Pigott. Due Diligence declaration not attached. Original Summons not returned. (bp) (Entered: 11/19/2007) |
| 12/03/2007 | ●49 | MEMORANDUM of Points and Authorities in Opposition to MOTION to Transfer Case to Southern District of New York[41] filed by Plaintiff Melanie Lidle. (bp) (Entered: 12/04/2007) |
| 12/03/2007 | ●50 | DECLARATION of Gary Carrick in support of plaintiffs' opposition to MOTION to Transfer Case to Southern District of New York[41] filed by Plaintiff Melanie Lidle. (bp) (Entered: 12/04/2007) |
| 12/03/2007 | ●51 | DECLARATION of Stacy M. King, esq., in support of plaintiffs' opposition to MOTION to Transfer Case to Southern District of New York[41] filed by Plaintiff Melanie Lidle. (bp) (Entered: 12/04/2007) |
| 12/03/2007 | ●52 | PROOF OF SERVICE filed by plaintiff Melanie Lidle(personal representative on behalf of the Estate of Cory Lidle), re MEMORANDUM in Opposition to Motion[49], Declaration (Motion related)[50], Declaration (Motion related)[51] served on 12/3/07. (bp) (Entered: 12/04/2007) |
| 12/06/2007 | ●55 | DECLARATION of Sidney Hoots in support of plaintiffs' opposition to MOTION to Transfer Case to Southern District of New York[41] filed by Plaintiff Melanie Lidle. (bp) (Entered: 12/13/2007) |
| 12/06/2007 | ●56 | PROOF OF SERVICE filed by plaintiffs' Stephanie Stanger (administrator on behalf of the Estate of Tyler Stanger), A. S., Melanie |

| 01/14/2008 | ●57 | ORDER by Judge Margaret M. Morrow. The court grants defendant Cirrus' motion to transfer to the Southern District of New York. Original file, certified copy of the transfer order and docket sheet sent. (MD JS-6. Case Terminated) (bp) (Entered: 01/16/2008) |
|------------|-----|----|
| 01/16/2008 | ●58 | TRANSMITTAL of documents: Mailed certified copies of transfer order, court docket transmittal letters and case file to the USDC Southern District of New York. (bp) (Entered: 01/16/2008) |



SEND

FILED
2007 JUL -6 PM 4: 34
CLERK U.S.
CENTRAL DIST. OF COURT
LOS ANGELES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| **MELANIE LIDLE ET AL** | **CV07- 4413 MMM (JTLx)** |
| PLAINTIFF(S) | |
| V | |
| **CIRRUS DESIGN CORP ET AL** | **NOTICE TO PARTIES OF ADR PILOT** |
| DEFENDANT(S) | **PROGRAM** |

Dear Counsel,

The district judge to whom the above-referenced case has been assigned is participating in an ADR Pilot Program.  All counsel of record are directed to jointly complete the attached ADR Pilot Program Questionnaire, and plaintiff's counsel (or defendant in a removal case) is directed to concurrently file the Questionnaire with the report required under Federal Rules of Civil Procedure 26(f).

Clerk, U S. District Court

07/06/07

By:  NCULLEN

Date

Deputy Clerk



DOCKETED ON CM

JUL 1 2 2007

BY _____ 186

ADR-8 (07/06)                    NOTICE TO PARTIES OF ADR PILOT PROGRAM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MELANIE LIDLE ET AL** | CASE NUMBER |
| PLAINTIFF(S) | **CV07- 4413 MMM (JTLx)** |
| V | |
| **CIRRUS DESIGN CORP ET AL** | **ADR PILOT PROGRAM QUESTIONNAIRE** |
| DEFENDANT(S) | |

(1) What, if any, discovery do the parties believe is essential in order to prepare adequately for a settlement conference or mediation?  Please outline with specificity the type(s) of discovery and proposed completion date(s).  Please outline any areas of disagreement int this regard.  Your designations do not limit the discovery that you will be able to take in the event this case does not settle

_____

_____

_____

_____

_____

_____

_____


(2) What are the damage amounts being claimed by each plaintiff? Identify the categories of damage claimed [e g , lost profits, medical expenses (past and future), lost wages (past and future), emotional distress, damage to reputation, etc ] and the portion of the total damages claimed attributed to each category

_____

_____

_____

_____

_____

_____

_____

_____

(3) Do the parties agree to utilize a private mediator in lieu of the court's ADR Pilot Program?

Yes [ ]    No [ ]

(4) If this case is in category civil rights - employment (442), check all boxes that describe the legal bases of

plaintiff claim(s).

[ ] Title VII                                          [ ] Age Discrimination

[ ] 42 U.S.C. section 1983                      [ ] California Fair Employment and Housing Act

[ ] Americans with Disabilities Act of 1990   [ ] Rehabilitation Act

[ ] Other _____

_____

_____

I hereby certify that all parties have discussed and agree that the above-mentioned responses are true and

correct

_____           _____

Date                                            Attorney for Plaintiff  (Signature)

                                              _____

                                              Attorney for Plaintiff  (Please print full name)

_____           _____

Date                                            Attorney for Defendant  (Signature)

                                              _____

                                              Attorney for Defendant  (Please print full name)

SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.  CV 07-04413-MMM(JTLx)                    Date  July 10, 2007

Title  Melanie Lidle, et al vs Cirrus Design Corporation, et al

DOCKETED ON CM

JUL 13 2007

BY 015

Present. The Honorable   MARGARET M. MORROW

ANEL HUERTA                                        N/A

Deputy Clerk                                       Court Reporter

Attorneys Present for Plaintiffs·               Attorneys Present for Defendants.

None appearing                                   None appearing

**Proceedings:**      IN CHAMBERS - COURT ORDER SETTING SCHEDULING CONFERENCE

Counsel are hereby notified that a Scheduling Conference has been set for **September 10, 2007 at 9:00 a.m.** before Judge Margaret M Morrow in Courtroom 780, Roybal Federal Building, 255 East Temple Street, Los Angeles.

Counsel are directed to comply with Rule 26(f) of the Federal Rules of Civil Procedure in a timely fashion and to file a Joint Rule 26(f) Report on or before **August 31, 2007.** The parties' report shall, in addition to addressing the matters specified in Rule 26(f), set forth their views regarding (1) an appropriate last date for the completion of discovery and the hearing of motions, a date for a final pretrial conference and a trial date; (2) whether discovery should be conducted in phases or otherwise ordered or limited; (3) a preliminary estimate of the time required for trial, (4) efforts made to settle or resolve the case to date, and the parties' views as to an appropriate plan for maximizing settlement prospects, (5) whether the case is complex or requires reference to the procedures set forth in the Manual on Complex Litigation; (6) the likelihood of the appearance of additional parties; (7) what motions the parties are likely to make that may be dispositive or partially dispositive; (8) any unusual legal issues presented by the case; and (9) proposals regarding severance, bifurcation or other ordering of proof. **The Court requests that a conformed courtesy copy of the report be delivered to chambers in the Roybal Building on the day it is filed.**

This case is part of the ADR Pilot Program. Counsel of record must confer and jointly complete the ADR Pilot Program Questionnaire, which was provided to plaintiff's counsel at the time of filing Counsel is directed to file the Questionnaire concurrently with the Joint Rule 26(f) Report

**Plaintiff's counsel is directed to give notice of the scheduling conference to all parties that have appeared in this action, and is directed to give notice of the scheduling conference immediately to each party that makes an initial appearance in the action after this date.**

1  Ginger Heyman Pigott (State Bar No. 162908)
   REED SMITH LLP
2  355 South Grand Avenue, Suite 2900
   Los Angeles, CA 90071-1514
3  Telephone: 213.457.8000
   Facsimile: 213.457.8080
4  gheyman@reedsmith.com

5  Of Counsel:
   Patrick Bradley
6  REED SMITH LLP
   Princeton Forrestal Village
7  136 Main Street, Suite 250
   Princeton, NJ 08540
8  Telephone: 609.987.0050
   Facsimile: 609.951.0824
9
   Attorneys for Defendant
10 Cirrus Design Corporation

FILED - WESTERN DIVISION
CLERK, U S DISTRICT COURT

JUL 26 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
JS-2/JS-3 _____
Scan Only_____

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13 | MELANIE LIDLE, personal            Case No. CV07-4413 MMM (JTLx)
14 | representative on behalf of the Estate
   | of Cory Lidle; MELANIE LIDLE,      STIPULATION AND [PROPOSED]
15 | an individual; CHRISTOPHER          PROTECTIVE ORDER
   | LIDLE, a minor, by and through his
16 | Guardian ad Litem, JORDAN
   | FEAGAN; STEPHANIE STANGER
17 | administrator on behalf of the Estate
   | of Tyler Stanger; STEPHANIE
18 | STANGER, an individual;            **NOTE CHANGES MADE BY THE COURT**
   | ASHLUND STANGER, a minor, by
19 | and through her Guardian ad Litem,   on page 2
   | THAYNE STANGER
20
                Plaintiffs,
21
        vs.
22
23 | CIRRUS DESIGN
   | CORPORATION, a Wisconsin
24 | Corporation; TELEDYNE
   | TECHNOLOGIES, INC., a
25 | Delaware Corporation dba
   | TELEDYNE CONTINENTAL
26 | MOTORS, INC.; HARTZELL
   | PROPELLER, INC., a Ohio
27 | Corporation; S-TEC
   | CORPORATION, a Texas
28 | Corporation; HONEYWELL, INC.,
   | a California Business; JUSTICE

DOCKETED ON CM

JUL 27 2007

BY _____ 019

Case No CV07-4413 MMM (JTLx)

1  AVIATION, INC., a California
   Corporation; and DOES 1 through
2  100, inclusive,

3              Defendants.

4       IT IS HEREBY ORDERED that Plaintiffs Melanie Lidle, personal

5  representative on behalf of the Estate of Cory Lidle; Melanie Lidle, an individual;

6  Christopher Lidle, a minor, by and through his Guardian ad Litem, Jordan Feagan;

7  Stephanie Stanger administrator on behalf of the Estate of Tyler Stanger; Stephanie

8  Stanger, an individual; Ashlund Stanger, a minor, by and through her Guardian ad

9  Litem, Thayne Stanger (hereinafter "Plaintiffs"), and Cirrus Design Corporation

10 (Cirrus), Honeywell International, Inc. ("Honeywell"), S-TEC ("S-TEC"), and

11 Avidyne Corporation ("Avidyne") (hereinafter collectively referred to as

12 "Defendants"), and their respective counsel, shall be subject to this Protective

13 Order, as follows:

14       1.    **Terms**:  The terms defined in this Paragraph shall have the meanings

15 provided.  Defined terms may be used in the singular or plural.

16       1.1    **"Producing Party"** means the party, or the person or entity

17 other than a party, being asked to produce documents or information considered by

18 that party person or entity to be Confidential Information, and includes a party

19 asserting a confidentiality interest in information produced by others.

20       1.2    **"Receiving Party"** means that party/person/entity receiving or

21 requesting production of Confidential Information.

22       1.3    **"Confidential Information"** means information, whether or not

23 embodied in any physical medium, including all originals and copies of any

24 document and/or information, used by the Producing Party in or pertaining to its

25 business, or information pertaining to third-party privacy interests, which

26 information the Producing Party reasonably and in good faith believes contains or

27 concerns confidential, non-public, proprietary and/or sensitive information

28

Stipulation and [Proposed] Protective Order

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    including, but not limited to, information regarding a party's finances, processes,

2    products, services, research & development, manufacturing, purchasing,

3    accounting, engineering, designing, marketing, merchandising, selling, distribution,

4    leasing, and servicing systems and techniques, licensing, distribution, financial

5    data, technical information, product specifications, testing procedures, test criteria

6    and results, personnel records and information, non-public submissions and

7    communications with government agencies, proprietary or nonpublic commercial

8    information, proprietary information, intellectual property, including trade secret

9    information, information involving privacy interests, and commercially and/or

10   competitively sensitive information of a nonpublic nature, or received on a

11   confidential basis.  By way of example only, such information includes schematics,

12   designs, models, drawings, manuals, memoranda, specifications, computer

13   software, computer printouts, computer programs, development tools and

14   processes, technical data and improvements.  It also includes plans or proposals

15   with regard to any of the foregoing, whether implemented or not, and any electronic

16   data recorded, sent or retrieved by any means that contains any of the foregoing

17   information.  Confidential Information also includes information concerning

18   plaintiffs' and plaintiffs' decedents' health, mental condition, marital status, income

19   tax returns, and other personal and financial information requested of the plaintiff

20   as well as designated portions of any deposition transcript of the plaintiff containing

21   testimony concerning any such matters or any other matter plaintiffs believe in

22   good faith should be protected as Confidential Information.

23         1.4    **"Litigation Documents"** means all pleadings, motions,

24   affidavits and related papers, all documents produced or exchanged in the course of

25   this action or any settlement negotiations, all written discovery responses and all

26   transcripts and testimony given in depositions, in hearings or at trial.

27         2.    **Designation of Confidential Information**.  All materials and copies,

28   transcriptions, or other reproductions of materials (hereinafter, the "Confidential

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Information") produced in the present Action and which contain, describe, identify

2   or refer to information of a confidential or proprietary nature or any trade secret or

3   other confidential research, development, or commercial information, shall be

4   stamped "CONFIDENTIAL" by the producing party and shall be subject to the

5   provisions of this Protective Order.  Third parties producing documents in the

6   course of this action may also designate documents as "CONFIDENTIAL" subject

7   to the same protections and constraints as the parties to the action.  A copy of this

8   Protective Order shall be served along with any subpoena served in connection with

9   this action.

10      3.      **Use of Confidential Information**.

11              3.1     The Confidential Information designated "CONFIDENTIAL"

12  and produced shall be used for this Action ("Action" specifically refers to the

13  pretrial proceedings and trial or settlement of *Melanie Lidle, et al. v.Cirrus Design*

14  *Corp., et al.*, Case No. CV07-4413 MMM (JTLx)), and shall not be used for any

15  other action or purpose whatsoever and shall not, without leave of this Court, be

16  disclosed to any person or entity other than this Court (under seal) and the parties to

17  this Action and their counsel, each of whom shall be subject to the terms of this

18  Protective Order.  This information shall not be used for any other purpose,

19  including business, governmental, commercial, administrative, or judicial

20  proceedings.

21              3.2     The disclosure by counsel for a party of the Confidential

22  Information to paralegals and clerical staff employed by the disclosing counsel's

23  office is allowed under the terms of this Protective Order without limitation and

24  without the need to execute a Declaration .  Such disclosure shall not constitute a

25  violation or a waiver of the protections afforded by this Protective Order.  Said

26  paralegals and staff, as employed as agents of the disclosing counsel, are bound by

27  this Order to the same extent as the parties and attorneys are bound.  Disclosure by

28  counsel for a party of the Confidential Information to experts retained by the

Case No  CV07-4413 MMM (JTLx)          - 3 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   disclosing counsel shall not constitute a violation or waiver of the protections

2   afforded by this Protective Order so long as the expert to whom disclosure is made

3   has executed a Declaration in the form attached hereto as Exhibit A.  A copy of

4   each executed Declaration shall be maintained by the retaining counsel for

5   Plaintiffs or Defendants, respectively.

6       4.    **Depositions**.

7       4.1    In the event the Confidential Information itself, or the contents

8   of the Confidential Information designated "CONFIDENTIAL" is to be identified,

9   discussed, or disclosed during a deposition taken in this Action of any person or

10  entity other than those persons or entities described in paragraph 3 above, the

11  deponent shall be required to acknowledge on the record, before any identification,

12  discussion or disclosure of the Confidential Information occurs that he or she has

13  been advised of and has agreed to be bound by the terms of this Protective Order.

14      4.2    During a deposition, any party may ask the reporter to designate

15  certain portions of the testimony as Confidential, in which case the confidential

16  portions shall be separately transcribed and labeled as Confidential.  In addition,

17  within thirty (30) days after a copy of the transcript is delivered to the parties,

18  counsel may designate the entirety or any specified portion of the transcript or

19  exhibits thereto as Confidential by letter to the opposing party.  Until such thirty

20  (30) day period expires, the entirety of such transcripts and all exhibits thereto shall

21  be treated as Confidential and subject to this Order.  After such thirty (30) day

22  period expires, such transcripts, exhibits or portions designated as Confidential

23  shall be treated as such under this Order.  If no such designation is made within

24  thirty (30) days, such transcripts or exhibits shall not be subject to this Order,

25  except for good cause shown by the designating party.

26      5.    **Interrogatories**.  Any party may, in good faith, designate Confidential

27  Information contained in a response to an interrogatory by designating the

28  responses "CONFIDENTIAL," or the Receiving Party otherwise shall be advised in

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1 writing of such confidential status, and the information may be served and filed in a

2 separate document if desired.

3     6.   **Mistake or Inadvertence**. Notwithstanding the procedure set forth

4 above, documents or other discovery materials produced and not designated as

5 "CONFIDENTIAL" through mistake or inadvertence shall likewise be deemed

6 Confidential upon notice of such mistake or inadvertence. Any party receiving

7 such inadvertently unmarked documents shall make reasonable efforts to retrieve

8 documents distributed to persons not entitled to receive documents with the

9 corrected designation. Any party may request a change in the designation of any

10 information designated "CONFIDENTIAL." Any such document shall be treated

11 as designated until the change is completed. If the requested change in designation

12 is not agreed to, the party seeking the change may move the court for appropriate

13 relief, providing notice to any third party whose designation of produced documents

14 as "CONFIDENTIAL" in the action may be affected. The party asserting that the

15 material is Confidential shall have the burden of proving that the information in

16 question is protected from disclosure.

17     Moreover, where a Producing Party has inadvertently produced a

18 document which the Producing Party later claims should not have been produced

19 because of privilege, the Producing Party may require the return of any such

20 document within 10 days of discovering that it was inadvertently produced (or

21 inadvertently produced without redacting the privileged content). A request for the

22 return of any document shall identify the document by Bates number and the basis

23 for asserting that the specific document (or portions thereof) is subject to the

24 attorney-client privilege, the work product doctrine, or any other applicable

25 privilege or immunity from discovery, the basis for asserting that the production

26 was inadvertent, and the date of discovery that there had been an inadvertent

27 production. The inadvertent production of any document which a Producing Party

28 later claims should not have been produced because of a privilege will not be

Case No . CV07-4413 MMM (JTLx)     - 5 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   deemed to be a waiver of any privilege to which the Producing Party would have

2   been entitled had the privileged document not inadvertently been produced. If a

3   Producing Party requests the return of the document, pursuant to this paragraph, of

4   any such document from another party, the party to whom the request is made shall

5   within ten (10) days return to the requesting party all copies of the document within

6   its possession, custody, or control – including all copies in the possession of

7   experts, consultants, or others to whom the document was provided. In the event

8   that only portions of the document contain privileged subject matter, the Producing

9   Party shall substitute a redacted version of the document at the time of making the

10  request for the return of the requested document. In the event the Receiving Party

11  contests the claim of privilege or inadvertent production, the Receiving Party shall

12  file a motion within 10 days after return of the document to obtain a court

13  determination that the document is not privileged.

14       7.   **Challenge of Designation**. The Receiving Party shall not be obligated

15  to challenge the propriety of the Confidential Information designation at the time

16  made or upon a submission to the Court. In the event a party disagrees at any stage

17  of these proceedings with the Producing Party's particular designation of

18  Confidential Information, the parties shall first try to dispose of such dispute in

19  good faith on an informal basis. If a dispute cannot be informally resolved, the

20  Receiving Party may seek appropriate relief from this Court, and the Producing

21  Party shall have the burden of proving that the information is entitled to

22  confidentiality protection unless otherwise provided by the applicable law. The

23  Confidential Information shall remain Confidential according to the particular

24  status given to it by the designating party unless and until the court rules to the

25  contrary.

26       8.   **Court Filings**. In the event that counsel for a party identifies,

27  discusses, or discloses the Confidential Information or the contents of the

28  Confidential Information designated "CONFIDENTIAL" during the course of pre-

1   trial or trial proceedings, counsel for the producing party may at that time, or after

2   such identification, discussion, or disclosure, request that the Confidential

3   Information or the contents of the Confidential Information designated

4   "CONFIDENTIAL" be filed under seal with this Court and be subject to the terms

5   of this Protective Order.

6           Unless otherwise ordered by this Court, or agreed to by all parties to

7   this Action, any documents, including but not limited to pleadings, memoranda,

8   deposition notices, deposition transcripts, interrogatories, requests for document

9   production, subpoenas, and responses thereto containing, paraphrasing or

10   summarizing discovery material designated "Confidential," produced in this

11   Action, and hereafter filed with this Court shall be filed pursuant to this Stipulation

12   and Protective Order, in a sealed envelope or other suitable container with a cover

13   label bearing the caption of the action, the title of the document, and a statement

14   substantially in the following form:

15         **"CONFIDENTIAL:  THE CONTENTS OF THIS**

16         **ENVELOPE ARE NOT TO BE SCANNED AND**

17         **ARE SUBJECT TO A PROTECTIVE ORDER OF**

18         **THIS COURT AND SHALL NOT BE SHOWN TO**

19         **ANY PERSONS OTHER THAN A JUDGE OF THIS**

20         **COURT OR AN ATTORNEY IN THIS CASE."**

21   Written notice shall be given to counsel for the appropriate Producing Party prior to

22   any party's filing of documents containing "CONFIDENTIAL" Information.  All

23   Litigation Documents filed with the Court in connection with summary

24   judgment/summary adjudication proceedings or trial shall be filed in compliance

25   with applicable filing requirements of the Central District of California and

26   pursuant to the Federal Rules of Civil Procedure or other applicable rules.  Said

27   materials shall be available to the Court and counsel of record, and to all other

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  persons entitled to receive "CONFIDENTIAL" information pursuant to this

2  Stipulation and Protective Order.

3      9.   **Jury**. Counsel for a party shall not, in the presence of the jury,

4  comment on the reasons or motivation for designating the Confidential Information

5  as "CONFIDENTIAL" without first having obtained permission of the Court to do

6  so.

7      10.   **Subpoena by the Courts or Agencies**. If another court or an

8  administrative agency subpoenas or orders production of Confidential Information

9  that the parties have obtained under the terms of this Stipulation and Protective

10  Order, the parties shall promptly notify the Producing Party of the pendency of such

11  subpoena or order.

12      11.   **Termination**. This Protective Order shall be binding throughout and

13  after final adjudication of this Action, including any final adjudication of any

14  appeals and petitions for extraordinary writs. Within sixty (60) days after final

15  adjudication of this Action , the Clerk of this Court shall return under seal to

16  counsel for the producing party all Confidential Information designated

17  "CONFIDENTIAL" including, without limitation, all transcripts or other things

18  which were subject to the provisions of this Protective Order, and within one-

19  hundred and twenty (120) days after final adjudication of this Action, counsel then

20  having possession, custody or control of such materials, transcripts, or other things

21  designated "CONFIDENTIAL" shall verify the complete destruction or return to

22  counsel for the producing party of all such Confidential Information by executing

23  and mailing to counsel for the producing party a Declaration  in the form attached

24  hereto as Exhibit B.  A copy of each such executed Declaration shall be maintained

25  by counsel for Plaintiffs or Defendants, respectively.

26      12.   **Additional Protection**. Nothing in this Protective Order shall be

27  construed to preclude any party from seeking additional protection for the

28  Confidential Information or the contents of the Confidential Information designated

Case No   CV07-4413 MMM (JTLx)    - 8 -

1 | as "CONFIDENTIAL" or from otherwise seeking a modification of this Protective

2 | Order.

3 |     13. **Modification Permitted**. Nothing in this Stipulation and Protective

4 | Order shall prevent a party from seeking modification of this Stipulation and

5 | Protective Order, or from objecting to discovery that it believes otherwise to be

6 | improper.

7 |     14. **Responsibility of Attorneys**. The attorneys of record are responsible

8 | for employing reasonable measures, consistent with this Stipulation and Protective

9 | Order, to control duplication of, access to, and distribution of copies of Confidential

10 | Information. Parties shall not duplicate any Confidential Information except

11 | working copies and for filing in court under seal. All copies made of Confidential

12 | Information shall bear the appropriate "CONFIDENTIAL" designation.

13 |     15. **No Waiver**. Review of the Confidential Information by counsel,

14 | experts, or consultants for the litigants in this Action shall not waive the

15 | confidentiality of the documents or objections to production.

16 |     15.1 The inadvertent, unintentional, or in camera disclosure of

17 | Confidential Information shall not, under any circumstances, be deemed a waiver in

18 | whole or in part, of any party's claims of confidentiality.

19 |     15.2 Nothing contained in this Stipulation and Protective Order shall

20 | constitute a waiver of, or otherwise prejudice the Producing Party's right to protect

21 | from disclosure any information based on any applicable privilege, right of privacy,

22 | trade secret protection or other statutory or common law immunity.

23 |     15.3 The parties shall take such measures as are necessary and

24 | appropriate to prevent the public disclosure of Confidential Information through

25 | inadvertence or otherwise, after the conclusion of this litigation.

26 |     16. **Scope of Stipulation and Protective Order**. This Stipulation and

27 | Protective Order shall not enlarge or affect the proper scope of discovery in this or

28 | any other litigation, nor shall this Order imply that material designated as

Case No · CV07-4413 MMM (JTLx)     - 9 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   "CONFIDENTIAL" under the terms of this Order is properly discoverable, relevant

2   or admissible in this or any other litigation.

3        16.1  The entry of this Stipulation and Protective Order shall be

4   without prejudice to the rights of the parties, or of any non-party to assert or apply

5   for additional or different protection at their discretion.

6        16.2  Nothing contained in this Stipulation and Protective Order and

7   no action taken pursuant to it shall prejudice the right of any party to contest the

8   alleged confidentiality, relevancy, admissibility, or discoverability of the

9   Confidential Information sought.

10        16.3  The terms of this Stipulation and Protective Order shall survive

11   and remain in effect after the termination of this Action and any related lawsuit.

12   The parties agree that the Court may maintain jurisdiction over this matter beyond

13   the termination of this Action for purposes of enforcement of this agreement.

14      17.  **Rulings**. Nothing in this Protective Order shall be construed to

15   prevent this Court from disclosing any facts relied upon by it in making or

16   rendering any finding, ruling, order, judgment or decree of whatever description.

17      18.  This Stipulation may be executed in counterparts. Facsimile

18   signatures will be considered as valid signatures.

19      Each party shall bear its own costs for complying with this Protective Order.

20      IT IS SO ORDERED.

21

22      DATED: _July 25_ , 2007

23                      _Jennifer T. Lum_

24             ~~Honorable Margaret M. Morrow~~

               ~~District Court Judge~~

25             Honorable Jennifer T. Lum

               Magistrate Judge

26    _Note changes made by Court_

27    _on p. 8_

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

STIPULATED AND AGREED TO BY THE PARTIES.

1

2

3  Dated: ~~June~~ July 17, 2007                    MACALUSO & ASSOCIATES, APC

4                                                  By _Stacy M. King_____

5                                                     Todd E. Macaluso
                                                      Stacy M. King
6                                                     Attorneys for Plaintiffs
                                                      Melanie Lidle, personal representative of
7                                                     the Estate of Cory Lidle; Melanie Lidle,
                                                      an indivdual; Christopher Lidle, a minor,
8                                                     by and through his Guardian ad Litem,
9                                                     Jordan Feagan; Stephanie Stanger,
                                                      administrator on behalf of the Estate of
10                                                    Tyler Stanger; Stephanie Stanger, a
11                                                    minor, by and through her Guardian ad
12                                                    Litem, Thayne Stanger

13  Dated: June ___, 2007                            PERKINS COIE, LLP

14
                                                     By _____
15                                                      Chung H. Han
                                                        Attorneys for Defendant
16                                                      Honeywell International, Inc.

17  Dated: July __, 2007                             BERKES CRANE ROBINSON & SEAL
18                                                   LLP

19
                                                     By _____
20                                                      Ronald Greenberg
                                                        Attorneys for Defendant
21                                                      S-TEC

22  Dated: July ___, 2007                            MENDES & MOUNT, LLP
23
                                                     By _____
24                                                      Garth W. Aubert
25                                                      Christopher S. Hickey
                                                        Courntey M. Poel
26                                                      Attorneys for Defendant
27                                                      Avidyne Corporation

28

Case No.: CV07-4413 MMM (JTLx)                  - 11 -

Stipulation and [Proposed] Protective Order

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

STIPULATED AND AGREED TO BY THE PARTIES.

Dated: June ___, 2007                MACALUSO & ASSOCIATES, APC

By _____
   Todd E. Macaluso
   Stacy M. King
   Attorneys for Plaintiffs
   Melanie Lidle, personal representative of
   the Estate of Cory Lidle; Melanie Lidle,
   an indivdual; Christopher Lidle, a minor,
   by and through his Guardian ad Litem,
   Jordan Feagan; Stephanie Stanger,
   administrator on behalf of the Estate of
   Tyler Stanger; Stephanie Stanger, a
   minor, by and through her Guardian ad
   Litem, Thayne Stanger

Dated: June /2, 2007                 PERKINS COIE, LLP

By _____
   Chung H. Han
   Attorneys for Defendant
   Honeywell International, Inc.

Dated: July ___, 2007                BERKES CRANE ROBINSON & SEAL
                                     LLP

By _____
   Ronald Greenberg
   Attorneys for Defendant
   S-TEC

Dated: July ___, 2007                MENDES & MOUNT, LLP

By _____
   Garth W. Aubert
   Christopher S. Hickey
   Courntey M. Poel
   Attorneys for Defendant
   Avidyne Corporation

Case No.: CV07-4413 MMM (JTLx)                  - 11 -

Stipulation and [Proposed] Protective Order

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

1

STIPULATED AND AGREED TO BY THE PARTIES.

2

3    Dated: June ___, 2007            MACALUSO & ASSOCIATES, APC

4                                     By _____
5                                        Todd E. Macaluso
                                         Stacy M. King
6                                        Attorneys for Plaintiffs
                                         Melanie Lidle, personal representative of
7                                        the Estate of Cory Lidle; Melanie Lidle,
                                         an indivdual; Christopher Lidle, a minor,
8                                        by and through his Guardian ad Litem,
                                         Jordan Feagan; Stephanie Stanger,
9                                        administrator on behalf of the Estate of
                                         Tyler Stanger; Stephanie Stanger, a
10                                       minor, by and through her Guardian ad
11                                       Litem, Thayne Stanger
12

13   Dated: June ___, 2007            PERKINS COIE, LLP

14                                     By _____
15                                        Chung H. Han
                                         Attorneys for Defendant
16                                       Honeywell International, Inc.

17   Dated: July 20, 2007             BERKES CRANE ROBINSON & SEAL
18                                     LLP

19                                     By _____
20                                        Ronald Greenberg
                                         Attorneys for Defendant
21                                       S-TEC

22   Dated: July ___, 2007            MENDES & MOUNT, LLP

23
                                       By _____
24                                        Garth W. Aubert
25                                        Christopher S. Hickey
                                         Courntey M. Poel
26                                       Attorneys for Defendant
27                                       Avidyne Corporation

28

Case No.: CV07-4413 MMM (JTLx)            - 11 -

STIPULATED AND AGREED TO BY THE PARTIES.

Dated: June ___, 2007                MACALUSO & ASSOCIATES, APC

                                     By _____
                                        Todd E. Macaluso
                                        Stacy M. King
                                        Attorneys for Plaintiffs
                                        Melanie Lidle, personal representative of
                                        the Estate of Cory Lidle; Melanie Lidle,
                                        an indivdual; Christopher Lidle, a minor,
                                        by and through his Guardian ad Litem,
                                        Jordan Feagan; Stephanie Stanger,
                                        administrator on behalf of the Estate of
                                        Tyler Stanger; Stephanie Stanger, a
                                        minor, by and through her Guardian ad
                                        Litem, Thayne Stanger

Dated: June ___, 2007                PERKINS COIE, LLP

                                     By _____
                                        Chung H. Han
                                        Attorneys for Defendant
                                        Honeywell International, Inc.

Dated: July __, 2007                 BERKES CRANE ROBINSON & SEAL
                                     LLP

                                     By _____
                                        Ronald Greenberg
                                        Attorneys for Defendant
                                        S-TEC

Dated: July 16, 2007                 MENDES & MOUNT, LLP

                                     By _____
                                        Garth W. Aubert
                                        Christopher S. Hickey
                                        Courntey M. Poel
                                        Attorneys for Defendant
                                        Avidyne Corporation

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

1  Dated: July 12, 2007

2

3  REED SMITH LLP

By _____
Ginger Heyman Pigott
Attorneys for Defendant
Cirrus Design Corporation

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT A

## DECLARATION & AGREEMENT TO MAINTAIN CONFIDENTIALITY

I, _____ [Name – Print or Type], have been given and read a copy of Stipulation and Protective Order, dated _____, in this case *Melanie Lidle et al. v. Cirrus Design Corporation, et al.* Case No. CV07-4413 MMM (JTLx) ("the Action"). I understand and will strictly adhere to the contents of said order. I understand that produced material disclosed to me is subject to the order of this Court and that I am prohibited from copying, disclosing or otherwise using such material except as provided by said court order. I understand that unauthorized disclosure of the stamped confidential information may constitute contempt of court and agree to be subject to personal jurisdiction of this Court for the purpose of enforcing my obligations under this Declaration, the order, and any contempt proceeding that may be instituted for alleged violation thereto. I understand also that my execution of this Declaration and Agreement to Maintain Confidentiality, indicating my agreement to be bound by said order, is a prerequisite to my review of any produced document and materials.

By signing this Declaration, I also promise that I will not copy, transcribe, or otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any means whatsoever, any materials or the contents of any materials designated "confidential" pursuant to the above-described Protective Order except to the extent to which I am directed to do so by counsel for a party to the Action, in which case all such copies, transcriptions, or reproductions shall be made solely for my own use in connection with my work in the above matter. I further promise at the conclusion of the Action to deliver upon request all materials (originals and copies) designated "confidential" to the counsel who originally directed that said materials be provided to me.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1      I declare under penalty of perjury under the laws of the State of California

2 that the foregoing is true and correct.

3              [Date] _____

4

5                                 [Name] _____

                                [Signature] _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT B

I, _____ [Name – Print or Type] am over the age of 18 years and am a resident of _____ County, _____. I make this Declaration based upon my personal knowledge, and I am competent to testify to the matters stated herein.

I have requested and received from _____ all of the materials, transcripts, and other things produced in *Melanie Lidle et al. v. Cirrus Design Corporation, et al.* Case No. CV07-4413 MMM (JTLx) ("the Action").

I have either destroyed or have attached hereto all of the materials, transcripts, and other things, including those materials which were returned to me by the experts and consultants mentioned above in accordance with the preceding paragraph, and as described in the Protective Order which was entered by this Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[Date] _____

[Name]_____
[Signature]_____

DOCSLA-15597441 1

Case No · CV07-4413 MMM (JTLx)                   - 15 -

Stipulation and [Proposed] Protective Order

1

## PROOF OF SERVICE

2

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Reed Smith LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071. On July 20, 2007, I served the following document(s) by the method indicated below:

3

4

5

### STIPULATION AND [PROPOSED] PROTECTIVE ORDER

6

☐ by transmitting via facsimile on this date from fax number 213.457.8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

7

8

9

10

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

11

12

13

14

15

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

16

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

17

18

☐ by transmitting via email to the parties at the email addresses listed below.

19

### SEE ATTACHED SERVICE LIST

20

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on July 20, 2007, at Los Angeles, California.

21

22

23

_Yolanda Rodriguez_

DOCSLA-15597558 1

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# "SERVICE LIST"

| | |
|---|---|
| Todd E. Macaluso, Esq.<br>Stacy M. King, Esq.<br>Zachary M. Lemley, Esq.<br>Macaluso & Associates, APC<br>600 West Broadway, Suite 1200<br>San Diego, CA 92101<br>Off: 619 230 0340<br>Fax: 619 230 8892 | ***Attorneys for Plaintiffs***<br><br>***Melanie Lidle, personal representative of the Estate of Cory Lidle; Melanie Lidle, an individual; Christopher Lidle, a minor, by and through his Guardian ad Litem, Jordan Feagan; Stephanie Stanger, administrator on behalf of the Estate of Tyler Stanger; Stephanie Stanger, an individual ; Ashlund Stanger, a minor, by and through her Guardian ad Litem, Thayne Stanger*** |
| Chung H. Han, Esq.<br>Perkins Coie, LLP<br>1620 26th Street, Sixth Floor<br>South Tower<br>Santa Monica, CA 90404-4013<br>Off: 310 788 9900<br>Fax: 310 788 3399 | ***Attorneys for Defendant***<br><br>***Honeywell International, Inc.*** |
| Ronald Greenberg, Esq.<br>Austin W. Bartlett, Esq.<br>Mike McQuillen, Esq.<br>Berkes Crane Robinson & Seal LLP<br>515 South Figueroa Street, Suite 1500<br>Los Angeles, CA 90071<br>Off: 213 955 1150<br>Fax: 213 955 1155 | ***Attorneys for Defendant***<br><br>***S-TEC*** |
| Garth W. Aubert, Esq.<br>Christopher S. Hickey, Esq.<br>Courntey M. Poel, Esq.<br>Mendes & Mount, LLP<br>445 S. Figueroa Street, 38th Floor<br>Los Angeles, CA 90071-1601<br>Off: 213 955 7700<br>Fax: 213 955 7725 | ***Attorneys for Defendant***<br><br>***Avidyne Corporation*** |

DOCSLA-15597558 1

FILED - WESTERN DIVISION
CLERK, U S DISTRICT COURT

AUG 3 1 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ——
Send ——
Enter ——
Closed ——
JS-5/JS-6 ——
JS-2/JS-3 ——
Scan Only ——

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE LIDLE, etc., et al., | CASE NO. CV 07-4413 MMM (JTLx) |
| Plaintiffs, | **STIPULATION AND (PROPOSED) ORDER OF DISMISSAL** |
| vs. | |
| CIRRUS DESIGN CORPORATION, a Wisconsin Corporation; et al., | |
| Defendants. | |

## STIPULATION

It is hereby stipulated by and between Plaintiffs MELANIE LIDLE, personal representative on behalf of the Estate of Cory Lidle; MELANIE LIDLE, an individual; CHRISTOPHER LIDLE, a minor, by and through his Guardian ad Litem, JORDAN FEAGAN; STEPHANIE STANGER, administrator on behalf of the Estate of Tyler Stanger, STEPHANIE STANGER, an individual; ASHLUND STANGER, a minor, by and through her Guardian ad Litem, THAYNE STANGER ("Plaintiffs") and Defendants AVIDYNE CORPORATION ("Avidyne"),, S-TEC CORPORATION, a Texas Corporation ("S-Tec") and HONEYWELL INTERNATIONAL, INC. ("Honeywell") ("Defendants") that all

DOCKETED ON CM

SEP - 5 2007

BY ___ 010

1 claims in this matter by Plaintiffs as to Avidyne, S-Tec and Honeywell are

2 dismissed with prejudice and without an award of fees and costs.

3

4 DATED this 30 day of August 2007

5

6 By: _____

    Todd E. Macaluso, Esq.

7    Stacy M. King, Esq.

8    Zachary M. Lemley, Esq.

    Attorneys for Plaintiffs

9 MACALUSO & ASSOCIATES, APC

10 600 West Broadway, Suite 1200

    San Diego, CA 92101

11 Tel: (619) 230-0340

12 Fax: (619) 230-889

13 DATED this 29 day of August 2007

14

15 By: _____

    Garth W. Aubert, Esq.

16    Christopher S. Hickey, Esq.

17    Courtney M. Poel, Esq.

    Attorneys for Defendant Avidyne Corp.

18 MENDES & MOUNT, LLP

19 445 South Figueroa Street, 38th Floor

    Los Angeles, California 90071-1601

20 Tel: (213) 955-7700

21 Fax: (213) 955-7725

    Email: garth.aubert@mendes.com

22 Email: christopher.hickey@mendes.com

23 Email: courtney.poel@mendes.com

24

25

26

27

28

STIPULATION AND (PROPOSED) ORDER OF DISMISSAL
-2-

TOTAL P.02

1 | DATED this 29th day of August 2007

By: _____
Ronald McIntire, Esq.
Chung H. Han, Esq.
Attorneys for Defendant Honeywell
International, Inc.
PERKINS COIE, LLP
1620 26TH Street, Sixth Floor - South Tower
Santa Monica, CA 90404-4013
Tel: (310)788-9900
Fax: (310) 788-3399
Email: CHan@perkinscoie.com

DATED this __ day of August 2007

By: _____
Michael G. McQuillen, Esq.
Austin W. Bartlett, Esq.
Attorneys for Defendant S-TEC Corp.
ADLER MURPHY & McQUILLEN LLP
One North LaSalle Street, Suite 2300
Chicago, Illinois 60602
Tel: (312) 345-0700
Fax: (312) 345-9860
Email: mmcquillen@amm-law.com
Email: abartlett@amm-law.com

### (PROPOSED) ORDER

Based on the foregoing stipulation, the terms of which are incorporated into this Order, it is hereby ORDERED that all claims in this matter as to Avidyne, S-Tec and Honeywell are dismissed with prejudice and without an award of fees and costs.

DATED this 31 day of August 2007

_____
Honorable Margaret M. Morrow
District Court Judge

STIPULATION AND (PROPOSED) ORDER OF DISMISSAL
- 3 -

1  DATED this __ day of August 2007

2

3                              By: _____
                                      Ronald McIntire, Esq.
4                                     Chung H. Han, Esq.
                               Attorneys for Defendant Honeywell
5                              International, Inc.
                               PERKINS COIE, LLP
6                              1620 26TH Street, Sixth Floor - South Tower
7                              Santa Monica, CA 90404-4013
8                              Tel: (310)788-9900
                               Fax: (310) 788-3399
9                              Email: CHan@perkinscoie.com

10

11  DATED this 30 day of August 2007

12                             By: _____
13                                    Michael G. McQuillen, Esq.
14                                    Austin W. Bartlett, Esq.
                               Attorneys for Defendant S-TEC Corp.
15                             ADLER MURPHY & McQUILLEN LLP
16                             One North LaSalle Street, Suite 2300
                               Chicago, Illinois 60602
17                             Tel: (312) 345-0700
18                             Fax: (312) 345-9860
                               Email: mmcquillen@amm-law.com
19                             Email: abartlett@amm-law.com

20                             (PROPOSED) ORDER
21
        Based on the foregoing stipulation, the terms of which are incorporated into
22
    this Order, it is hereby ORDERED that all claims in this matter as to Avidyne, S-
23
    Tec and Honeywell are dismissed with prejudice and without an award of fees and
24
    costs.
25
        DATED this __ day of August 2007
26
27                             _____
                               Honorable Margaret M. Morrow
28                             District Court Judge

Presented by:

By: _____
    Todd E. Macaluso, Esq.
    Stacy M. King, Esq.
    Zachary M. Lemley, Esq.
Attorneys for Plaintiffs
MACALUSO & ASSOCIATES, APC
600 West Broadway, Suite 1200
San Diego, CA 92101
Tel: (619) 230-0340
Fax: (619) 230-889

By: _____
    Garth W. Aubert, Esq.
    Christopher S. Hickey, Esq.
    Courtney M. Poel, Esq.
Attorneys for Defendant Avidyne Corp.
MENDES & MOUNT, LLP
445 South Figueroa Street, 38th Floor
Los Angeles, California 90071-1601
Tel: (213) 955-7700
Fax: (213) 955-7725
Email: garth.aubert@mendes.com
Email: christopher.hickey@mendes.com
Email: courtney.poel@mendes.com

M:\MMCases\393481\PLEADGS\Stip & (Proposed) Order of Dismissal.doc

**PROOF OF SERVICE**
**Melanie Lidle, et al. V. Cirrus Design, et al.**
**Case No. CV 07-4413 MMM (JTLx)**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 445 S. Figueroa Street, 38th Floor, Los Angeles, California.

On **August 30, 2007,** I served the document(s) described as **STIPULATION AND (PROPOSED) ORDER OF DISMISSAL** on the interested party(s) in this action, as follows:

**SEE ATTACHED SERVICE LIST**

_x_  **(By U.S. Mail)** By placing ___ the original / _x_ a true copy thereof enclosed in a sealed envelope(s), with postage fully paid, addressed as per the attached service list, for collection and mailing at Mendes & Mount in Los Angeles, California following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

_____  **(By Facsimile)** I transmitted from a facsimile transmission machine whose telephone number is (213) 955-7725 the above-entitled document(s) to the parties listed on the attached Service List and whose facsimile transmission machine telephone number is indicated. The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission. A true and correct copy of the said transmission report is attached hereto and incorporated herein by this reference.

_x_  **(Federal)** I declare under penalty of perjury under the laws of the United states that I am employed in the office of a member of the bar of this court at whose direction the service is made.

Executed on **August 30, 2007,** at Los Angeles, California.

Elizabeth F. Martinez
Elizabeth F. Martinez

# SERVICE LIST
## Melanie Lidle, et al. v. Cirrus Design Corporation, et al.
## Los Angeles Superior Court Case No.: SC092883
## Our File No.: 393,481

**Counsel for Plaintiffs**
Todd E. Macaluso, Esq.
Stacy M. King, Esq.
Zachary M. Lemley, Esq.
MACALUSO & ASSOCIATES, APC
600 West Broadway, Suite 1200
San Diego, CA 92101
Tel: (619) 230-0340
Fax: (619) 230-8892

**Counsel for Cirrus Design Corporation**
Ginger Heyman Pigott, Esq.
REED SMITH, LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Tel: (213) 457-8000
Fax: (213) 457-8080

**Counsel for Honeywell International, Inc.**
Chung H. Han, Esq.
PERKINS COLE, LLP
1620 26TH Street, Sixth Floor
South Tower
Santa Monica, CA 90404-4013
Tel: (310)788-9900
Fax: (310) 788-3399

**Counsel for Defendant, Hartzell Propeller, Inc.**
Jeffrey A. Worth, Esq.
Todd C. Worth, Esq.
WORTHE, HANSON & WORTHE
1851 East First Street, 9th Floor
Santa Ana, CA 92705
Tel: (714) 285-9600
Fax: (714) 285-9700

**Counsel for S-TEC**
Ronald Greeneberg, Esq.
BERKES CRANE ROBINSON & SEAL LLP
515 South Figueroa Street, Suite 1500
Los Angeles, CA 90071
Tel: (213) 955-1150
Fax: (213) 955-1155

**Counsel for Justice Aviation, Inc.**
Patrick E. Bailey
Keith A. Lovendosky
BAILEY & PARTNERS, APC
2800 28th Street, Ste. 200
Santa Monica, CA 90405-6203
Tel: (310) 392-5000
Fax: (310) 392-8091

SEND



DOCKETED ON CM

SEP - 6 2007

BY_____169

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

SCANNED

| | |
|---|---|
| Case No.  CV 07-04413-MMM(JTLx) | Date  September 6, 2007 |

Title    Melanie Lidle, et al vs  Cirrus Design Corporation, et al

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| None appearing | None appearing |

**Proceedings:**    IN CHAMBERS - COURT ORDER CONTINUING SCHEDULING
CONFERENCE


Counsel are hereby notified that the *Scheduling Conference* currently set for
September 10, 2007 at 9:00 a.m., has been continued to **October 9, 2007 at 9:00 a.m.**


*#29*

| | | |
|---|---|---|
| CV-90 (12/02) | **CIVIL MINUTES - GENERAL** | Initials of Deputy Clerk |

1   Ginger Heyman Pigott (State Bar No. 162908)
    REED SMITH LLP
2   355 South Grand Avenue, Suite 2900
    Los Angeles, CA 90071-1514
3   Telephone: 213.457.8000
    Facsimile: 213.457.8080
4   gheyman@reedsmith.com

5   Of Counsel:
    Patrick Bradley
6   REED SMITH LLP
    Princeton Forrestal Village
7   136 Main Street, Suite 250
    Princeton, NJ 08540
8   Telephone: 609.987.0050
    Facsimile: 609.951.0824
9
    Attorneys for Defendant
10  Cirrus Design Corporation

FILED - WESTERN DIVISION
CLERK U.S DISTRICT COURT

OCT - 2 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

DOCKETED ON CM

OCT - 2 2007

BY _____ 169

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
JS-2/JS-3 _____
Scan Only _____

REED SMITH LLP LODGED
A limited liability partnership formed in the State of Delaware

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13  MELANIE LIDLE, personal            Case No. CV07-4413 MMM (JTLx)
14  representative on behalf of the Estate
    of Cory Lidle; MELANIE LIDLE,      STIPULATION RE SCHEDULING
15  an individual; CHRISTOPHER         CONFERENCE AND [PROPOSED]
    LIDLE, a minor, by and through his ORDER
16  Guardian ad Litem, JORDAN
    FEAGAN; STEPHANIE STANGER
17  administrator on behalf of the Estate
    of Tyler Stanger; STEPHANIE
18  STANGER, an individual;
    ASHLUND STANGER, a minor, by
19  and through her Guardian ad Litem,
    THAYNE STANGER
20
                Plaintiffs,
21
          vs.
22
    CIRRUS DESIGN
23  CORPORATION, a Wisconsin
    Corporation; TELEDYNE
24  TECHNOLOGIES, INC., a
    Delaware Corporation dba
25  TELEDYNE CONTINENTAL
    MOTORS, INC.; HARTZELL
26  PROPELLER, INC., a Ohio
    Corporation; S-TEC
27  CORPORATION, a Texas
    Corporation; HONEYWELL, INC.,
28  a California Business; JUSTICE

Case No · CV07-4413 MMM (JTLx)

#30

1  AVIATION, INC., a California
   Corporation; and DOES 1 through
2  100, inclusive,

3              Defendants.

4          Pursuant to this stipulation and proposed order Defendant Cirrus Design

5  Corporation ("Cirrus") requests and Plaintiffs agree by and through their respective

6  counsel to a brief continuance of the Scheduling Conference from Tuesday,

7  October 9, 2007 to Monday, October 15, 2007. The parties state as follows.

8          This case was originally set for a Scheduling Conference pursuant to the

9  Court's Order for September 10, 2007. On September 6, 2007 the Court

10 unilaterally moved the Scheduling Conference to October 9, 2007.

11         Because of trial and other case obligations, lead trial counsel for Cirrus,

12 Patrick Bradley, admitted in this matter pro hac vice, did not realize until two days

13 ago that this rescheduled date conflicted with an event scheduled more than a year

14 ago with over 100 firm clients for the New Jersey office where he also is the

15 managing partner. As the managing partner, Mr. Bradley is required to attend. To

16 that end, he realized he would not be able to appear at this Scheduling Conference

17 as planned either in person or telephonically at the currently scheduled date.

18         Cirrus believes that having its primary counsel attend is useful and important

19 for both the Court and the parties. Cirrus was informed that requesting a change

20 could be done via stipulation and proposed order if all parties agreed and if good

21 cause were shown. Thus, co-lead counsel for Cirrus, Ginger Pigott, contacted

22 counsel for Plaintiffs who agreed to a brief continuance of the Scheduling

23 Conference to October 15, 2007 at 9:00 a.m. Counsel for Plaintiffs agreed that the

24 brief continuance would be acceptable to Plaintiffs and counsel's schedule.

25         Good cause exists because it serves the Court and counsel for all lead

26 attorneys to be present to discuss this case. Further, all counsel were available on

27 the original date of the Scheduling Conference in September, the change to the

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    current date was made pursuant to the Court's own order, and Cirrus' lead trial

2    counsel can not appear at the rescheduled date of October 9, 2007. As soon as Mr.

3    Bradley realized the conflict, Cirrus undertook to make the requested change. Mr.

4    Bradley will be able to appear in person for the October 15, 2007 requested date as

5    will Ms. Pigott. Counsel understood from the Court that the October 15, 2007 date

6    would be available if good cause were shown.

7        The parties agree to the new date and stipulate to said agreement by signing

8    on the attached stipulation.

9        IT IS THEREFORE ORDERED that the scheduling conference shall

10   go forward on October 15, 2007 at 9:00 a.m.

11

12   DATED: **OCT 0 2 2007**    , 2007

13                                     *Margaret M. Morrow*

14                                     Honorable Margaret M. Morrow
                                       District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation and [Proposed] Order Re Scheduling Conference

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

STIPULATED AND AGREED TO BY THE PARTIES.

1

2

3  Dated: October ___, 2007

4

5

6

7

8

9

10

11

12

13  Dated: October ___, 2007

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MACALUSO & ASSOCIATES, APC

By _____
   Todd E. Macaluso
   Stacy M. King
   Attorneys for Plaintiffs
   Melanie Lidle, personal representative of
   the Estate of Cory Lidle; Melanie Lidle,
   an indivdual; Christopher Lidle, a minor,
   by and through his Guardian ad Litem,
   Jordan Feagan; Stephanie Stanger,
   administrator on behalf of the Estate of
   Tyler Stanger; Stephanie Stanger, a
   minor, by and through her Guardian ad
   Litem, Thayne Stanger

REED SMITH LLP

By _____
   Ginger Heyman Pigott
   Attorneys for Defendant
   Cirrus Design Corporation

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    STIPULATED AND AGREED TO BY THE PARTIES.

2

3    Dated: October ___, 2007           MACALUSO & ASSOCIATES, APC

4                                       By _____

5                                          Todd E. Macaluso
                                           Stacy M. King
6                                          Attorneys for Plaintiffs
                                           Melanie Lidle, personal representative of
7                                          the Estate of Cory Lidle; Melanie Lidle,
                                           an indivdual; Christopher Lidle, a minor,
8                                          by and through his Guardian ad Litem,
                                           Jordan Feagan; Stephanie Stanger,
9                                          administrator on behalf of the Estate of
                                           Tyler Stanger; Stephanie Stanger, a
10                                         minor, by and through her Guardian ad
11                                         Litem, Thayne Stanger
12

13   Dated: October  l , 2007            REED SMITH LLP

14                                       By _____
15                                          Ginger Heyman Pigott
                                            Attorneys for Defendant
16                                          Cirrus Design Corporation

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  CV07-4413 MMM (JTLx)              - 3 -

# PROOF OF SERVICE

*MELANIE LIDLE v. CIRRUS DESIGN CORPORATION, ET AL*
Case No CV07-4413 MMM (JTLx)
884333.60015

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On October 1, 2007, I served the following document(s) by the method indicated below:

## STIPULATION RE SCHEDULING CONFERENCE AND [PROPOSED] ORDER

☐ by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

### PLEASE SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on October 1, 2007, at Los Angeles, California.

*Patricia S. Carr*
Patricia S. Carr

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**SERVICE LIST**
*MELANIE LIDLE v CIRRUS DESIGN CORPORATION, ET AL.*
Case No. CV07-4413 MMM (JTLx)
884333.60015

Todd E. Macaluso, Esq.
Stacy M. King, Esq.
Zachary M. Lemley, Esq.
Macaluso & Associates, APC
600 West Broadway, Suite 1200
San Diego, CA 92101
Off: 619 230 0340
Fax: 619 230 8892

**ATTORNEYS FOR PLAINTIFFS**

Melanie Lidle, personal representative of the Estate of Cory Lidle; Melanie Lidle, an individual; Christopher Lidle, a minor, by and through his Guardian ad Litem, Jordan Feagan; Stephanie Stanger, administrator on behalf of the Estate of Tyler Stanger; Stephanie Stanger, an individual ; Ashlund Stanger, a minor, by and through her Guardian ad Litem, Thayne Stanger

Chung H. Han, Esq.
Perkins Coie, LLP
1620 26th Street, Sixth Floor
South Tower
Santa Monica, CA 90404-4013
Off: 310 788 9900
Fax: 310 788 3399

**ATTORNEYS FOR DEFENDANT**

Honeywell International, Inc.

Ronald Greenberg, Esq.
Berkes Crane Robinson & Seal LLP
515 South Figueroa Street, Suite 1500
Los Angeles, CA 90071
Off: 213 955 1150
Fax: 213 955 1155

**ATTORNEYS FOR DEFENDANT**

S-TEC

Garth W. Aubert, Esq.
Christopher S. Hickey, Esq.
Courntey M. Poel, Esq.
Mendes & Mount, LLP
445 S. Figueroa Street, 38th Floor
Los Angeles, CA 90071-1601
Off: 213 955 7700
Fax: 213 955 7725

**ATTORNEYS FOR DEFENDANT**

Avidyne Corporation

DOCSLA-15597566 1-884333-60015

PROOF OF SERVICE

- 2 -

SEND



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No: | CV 07-04413-MMM(JTLx) | Date | October 15, 2007 |

Title    Melanie Lidle, et al vs  Cirrus Design Corporation, et al

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | MARK SCHWEITZER |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs. | Attorneys Present for Defendants: |
|---|---|
| Todd Macaluso | Ginger Heyman Pigott |
| | Patrick Bradley |

**Proceedings:**         SCHEDULING CONFERENCE

The court directs plaintiff to file a dismissal of defendants Avidyne, S-Tec and Honeywell, if it hasn't already done so, no later than October 19, 2007.

Counsel are directed to submit a report regarding pending discovery issues no later than October 29, 2007

The parties are ordered to a private mediator based upon a stipulation of the parties to be completed no later than August 8, 2008  See Order/Referral to ADR Pilot Program

After conferring with counsel, the Court schedules the following dates·

| | |
|---|---|
| Rule 16 disclosures: | October 29, 2007 |
| Deadline to file motions/stipulations seeking amendment of pleadings | November 19, 2007 |
| Further telephone status conference: | April 17, 2008 at 5:00 p.m. |
| Fact discovery cut-off· | May 16, 2008 |
| Initial expert disclosures· | May 30, 2008 |
| Rebuttal expert disclosures: | June 20, 2008 |
| Expert discovery cut-off· | July 18, 2008 |
| (All discovery motions are to be filed sufficiently in advance of the discovery cut-off date that they may be heard on or before that date) | |
| Motions hearing cut-off: | August 25, 2008 at 10:00 a.m. |
| Pretrial Conference: | September 22, 2008 at 9:00 a.m |
| **(Including motions in limine)** | |
| Jury Trial· | October 21, 2008 at 8:30 a.m. |

#34

Plaintiffs' counsel is to initiate the call for the further telephone status conference through the telephone operator to include all counsel of record and chambers at **(213) 894-2957**.  If there is any problem completing the call, counsel should contact the courtroom deputy, Anel Huerta, at (213) 894-7857

DOCKETED ON CM

OCT 2 2 2007

BY _____ 169

SEND

FILED - WESTERN DIVISION
CLERK, U S  DISTRICT COURT

OCT 1 5 2007

CENTRAL DISTRICT OF CALIFOR
BY                          DEP

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MELANIE LIDLE, ET AL., | CASE NUMBER |
|---|---|
| Plaintiff(s) | CV 07-04413-MMM(JTLx) |
| v. | |
| CIRRUS DESIGN CORPORATION, ET AL., | **ORDER/REFERRAL TO** |
| Defendant(s). | **ADR PILOT PROGRAM** |

IT IS HEREBY ORDERED THAT this case shall be

☐ ordered to the Attorney Settlement Officer Panel for an early settlement conference to be completed no later than _____.  Within ten (10) days, plaintiff shall: obtain the consent of the Attorney Settlement Officer who will conduct the settlement conference, telephonically notify the Attorney Settlement Officer Panel Coordinator  ( 213-894-1215) of the consent; and file form ADR-2, Stipulation Regarding Selection of Attorney Settlement Officer. If the parties have not selected and obtained the consent of an Attorney Settlement Officer within ten (10) days, one shall be randomly assigned by the Attorney Settlement Officer Panel Coordinator appointed by the court. Forms and a list of Attorney Settlement Officers are available on the court's website located at www.cacd.uscourts.gov (Attorney Information section, ADR subsection)

☐ ordered to the Attorney Settlement Officer Panel for a Local Civil Rule 16-14 Settlement Conference   Within ten (10) days, plaintiff shall: obtain the consent of the Attorney Settlement Officer who will conduct the settlement conference; telephonically notify the  Attorney Settlement Officer Panel Coordinator (213-894-1215) of the consent; and file form ADR-2, Stipulation Regarding Selection of Attorney Settlement Officer  If the parties have not selected and obtained the consent of an Attorney Settlement Officer within ten (10) days, one shall be randomly assigned by the Attorney Settlement Officer Panel Coordinator appointed by the court  Forms and a list of Attorney Settlement Officers are available on the court's website located at www cacd.uscourts.gov (Attorney Information section, ADR subsection)

☑ ordered to a private mediator based upon a stipulation of the parties to be completed no later than AUGUST 8, 2008.

☐ other _____

The Court hereby directs the parties to complete the following discovery before engaging in the settlement conference or mediation hearing _____

The Court further sets a status conference on _____

Dated: OCTOBER 15, 2007

_____
United States District Judge

#35

1  Todd E. Macaluso, Esq. (SBN: 133009)
2  Stacy M. King, Esq. (SBN: 218215)
   Zachary M. Lemley, Esq. (SBN: 237950)
3  **MACALUSO & ASSOCIATES, APC**
   600 West Broadway, Suite 1200
4  San Diego, CA 92101
   Telephone:   (619) 230-0340
5  Facsimile:    (619) 230-8892

6  Attorneys for Plaintiffs MELANIE LIDLE, personal representative of the Estate of Cory Lidle;
7  MELANIE LIDLE, an individual; CHRISTOPHER LIDLE, a minor, by and through his Guardian
   ad Litem, JORDAN FEAGAN; STEPHANIE STANGER, administrator on behalf of the Estate of
8  Tyler Stanger; STEPHANIE STANGER, an individual; ASHLUND STANGER, a minor, by and
   through her Guardian ad Litem, THAYNE STANGER; POWELL CHASE STANGER, a minor,
9  by and through his Guardian ad Litem, THAYNE STANGER

10                   **UNITED STATES DISTRICT COURT**

11                   **CENTRAL DISTRICT OF CALIFORNIA**

12  MELANIE LIDLE, on behalf of the Estate of     )   CASE NO.: CV07-4413-MMM (JTLx)
    Cory Lidle; MELANIE LIDLE, an individual;     )
13  CHRISTOPHER LIDLE, a minor, by and through    )
    his Guardian ad Litem, JORDAN FEAGAN;         )   Judge:    Honorable Jennifer T. Lum
14  STEPHANIE STANGER on behalf of the Estate     )   Court Rm: 827-B
    of  Tyler Stanger; STEPHANIE STANGER an       )
15  individual; ASHLUND STANGER, a minor, by      )
    and through her Guardian ad Litem, THAYNE     )   **STIPULATION BETWEEN THE**
16  STANGER                                       )   **PARTIES FOR APPOINTMENT OF**
                                                  )   **GUARDIAN AD LITEM FOR**
17                                                )   **POWELL CHASE STANGER**
                         Plaintiffs,              )
18                                                )
                                                  )
19  vs.                                           )
                                                  )
20  CIRRUS DESIGN CORPORATION, a Wisconsin        )
    Corporation; TELEDYNE TECHNOLOGIES,           )
21  INC., a Delaware Corporation dba TELEDYNE     )
    CONTINENTAL MOTORS, INC.; HARTZELL            )
22  PROPELLER, INC., a Ohio Corporation; S-TEC    )
    CORPORATION, a Texas Corporation;             )
23  HONEYWELL, INC. a California Business;         )
    JUSTICE AVIATION, INC., a California           )
24  Corporation; and DOES 1 through 100, inclusive, )
                                                  )
25                                                )
                         Defendants.              )
26                                                )
                                                  )
27  _____          )

28  ///

MACALUSO & ASSOC.
ATTORNEYS AT LAW
SAN DIEGO                                    STIPULATION

1       IT IS HEREBY STIPULATED AND AGREED by and between the parties to the above-

2   entitled action, by their respective counsel, that a guardian ad litem be appointed for POWELL

3   CHASE STANGER, a minor.  The guardian ad litem shall be THAYNE STANGER, grandfather

4   to POWELL CHASE STANGER.

5       The appointment of a guardian ad litem is necessary to protect the rights and interest of

6   the minor child POWELL CHASE STANGER pursuant to U.S.C. F.R.C.P. Rule 17(c).

7   **IT IS SO STIPULATED:**

8

9   DATED:   October 29, 2007           MACALUSO & ASSOCIATES, APC

10                          BY:

11                          Todd E. Macaluso, Esq.

12                          Stacy M. King, Esq.

                            Zachary M. Lemley, Esq.

13                          Attorneys for Plaintiffs

14

15  DATED:   October 29, 2007           REES SMITH, LLP

16

17                          BY:

                            Ginger Heyman Pigott

18                          Attorneys for Defendant

                          CIRRUS DESIGN CORPORATION

19

20  **IT IS SO ORDERED**

21  DATED:   ~~October~~ November 5, 2007

22                          Honorable Jennifer T. Lum

23                          Magistrate Judge

24

25

26

27

28

MACALUSO & ASSOC.
ATTORNEYS AT LAW
SAN DIEGO

1  Todd E. Macaluso, Esq. (SBN: 133009)
2  Stacy M. King, Esq. (SBN: 218215)
   Zachary M. Lemley, Esq. (SBN: 237950)
3  **MACALUSO & ASSOCIATES, APC**
   600 West Broadway, Suite 1200
4  San Diego, CA 92101
   Telephone:  (619) 230-0340
5  Facsimile:  (619) 230-8892

FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV - 9 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

6  Attorneys for Plaintiffs MELANIE LIDLE, personal representative of the Estate of Cory Lidle;
7  MELANIE LIDLE, an individual; C███████ L████, a minor, by and through his Guardian
   ad Litem, JORDAN FEAGAN; STEPHANIE STANGER, administrator on behalf of the Estate of
8  Tyler Stanger; STEPHANIE STANGER, an individual; A████████ S████████, a minor, by and
   through her Guardian ad Litem, THAYNE STANGER; P████ L C███ y S████████, a minor,
9  by and through his Guardian ad Litem, THAYNE STANGER

10            **UNITED STATES DISTRICT COURT**

              **CENTRAL DISTRICT OF CALIFORNIA**

12 MELANIE LIDLE, on behalf of the Estate of      )  CASE NO.: CV07-4413-MMM (JTLx)
   Cory Lidle; MELANIE LIDLE, an individual;      )
13 C███████ L████, a minor, by and through        )  Judge:   Honorable Jennifer T. Lum
   his Guardian ad Litem, JORDAN FEAGAN;          )  Court Rm: 827-B
14 STEPHANIE STANGER on behalf of the Estate      )
   of Tyler Stanger; STEPHANIE STANGER an         )
15 individual; A████████ S████████, a minor, by   )  **STIPULATION BETWEEN THE**
   and through her Guardian ad Litem, THAYNE      )  **PARTIES TO ALLOW PLAINTIFFS**
16 STANGER                                        )  **TO FILE A FIRST AMENDED**
                                                  )  **COMPLAINT**
17            Plaintiffs,                          )
                                                  )
18                                                )
   vs.                                            )
19                                                )
   CIRRUS DESIGN CORPORATION, a Wisconsin         )
20 Corporation; TELEDYNE TECHNOLOGIES,            )
   INC., a Delaware Corporation dba TELEDYNE      )
21 CONTINENTAL MOTORS, INC.; HARTZELL             )
   PROPELLER, INC., a Ohio Corporation; S-TEC     )
22 CORPORATION, a Texas Corporation;              )
   HONEYWELL, INC. a California Business;          )
23 JUSTICE AVIATION, INC., a California           )
   Corporation; and DOES 1 through 100, inclusive,)
24                                                )
                                                  )
25            Defendants.                          )
                                                  )
26   _____  )
                                                  )
27 ///

28 ///

MACALUSO & ASSOC.
ATTORNEYS AT LAW
SAN DIEGO                          STIPULATION

1     IT IS HEREBY STIPULATED AND AGREED by and between the parties to the above-

2  entitled action, by their respective counsel, that the Plaintiffs in the above entitled action be

3  allowed to file a First Amended Complaint adding P██████ C█████ S█████████, a minor, by

4  and through his Guardian ad Litem, THAYNE STANGER as a plaintiff in the pending action.

5     IT IS FURTHER STIPULATED AND AGREED by and between the parties that the

6  Answer of CIRRUS DESIGN CORPORATION on file in this action will be deemed the Answer

7  to the First Amended Complaint. *Plaintiff shall file the Amended*

8  **IT IS SO STIPULATED:** *Complaint no later than 11-19-07.*

9

10  DATED:  October 26 2007        MACALUSO & ASSOCIATES, APC

11                   BY:  *Stacy M King*

12                        Todd E. Macaluso, Esq.

                           Stacy M. King, Esq.

13                        Zachary M. Lemley, Esq.

                           Attorneys for Plaintiffs

14

15

16  DATED:  October 19, 2007       REES SMITH, LLP

17

18                   BY                    

                         Ginger Heyman Pigott

19                        Attorneys for Defendant

                         CIRRUS DESIGN CORPORATION

20  **IT IS SO ORDERED** *Counsel shall comply with L.R. 79-5.4.*

21

22  DATED: ~~October~~ *Nov. 9*, 2007       *Margaret M. Morrow*

23                        Honorable ~~Jennifer T. Lum~~

                        ~~Magistrate Judge~~

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-04413 MMM (JTLx) | Date | November 14, 2007 |
|---|---|---|---|

| Title | *Lidle et al. v. Cirrus Design Corp. et al.* |
|---|---|

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**        **Order Advancing Briefing Schedule**

On November 9, 2007, defendant Cirrus Design filed a motion for transfer of venue. The motion is currently scheduled for hearing on **January 14, 2008**. The court hereby advances the briefing schedule on defendant's motion. Any opposition by plaintiffs must be filed no later than **December 3, 2007**. Any reply by defendants must be filed no later than **December 10, 2007**. The court requests that the parties deliver a conformed courtesy copy to **chambers** in the **Roybal Building** on the day of filing.

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    CENTRAL DISTRICT OF CALIFORNIA

8

9    MELANIE LIDLE, personal representative      )   CASE NO. CV 07-04413 MMM (JTLx)
     on behalf of the Estate of Cory Lidle;      )
10   MELANIE LIDLE, an individual;               )
     CHRISTOPHER LIDLE, a minor, by and          )   ORDER GRANTING MOTION TO
11   through his Guardian ad Litem JORDAN        )   TRANSFER VENUE TO THE SOUTHERN
     FEAGAN; STEPHANIE STANGER,                  )   DISTRICT OF NEW YORK
12   administrator on behalf of the Estate of    )
     TYLER STANGER; STEPHANIE                    )
13   STANGER, an individual; ASHLUND             )
     STANGER, a minor, buy and through her       )
14   Guardian ad Litem THAYNE STANGER           )
                                                 )
15              Plaintiffs,                       )
                                                 )
16         vs.                                    )
                                                 )
17   CIRRUS DESIGN CORPORATION, *et al.*,         )
                                                 )
18              Defendants.                       )
                                                 )
19                                               )
                                                 )
20   _____         )

21

22         On February 22, 2007, plaintiffs filed this suit in Los Angeles Superior Court.  The case arises

23   out of an accident in which two occupants of an airplane were killed when it crashed into the side of a

24   New York City apartment building.  Plaintiffs originally named six defendants (including Cirrus Design

25   Corporation ("Cirrus")).  They subsequently substituted several defendants for fictitiously named Does.

26   Among these were two California corporations.  In September 2007, plaintiffs dismissed all of the

27   California defendants, at which point Cirrus removed the case to federal court on the basis that it fell

28   within the court's diversity jurisdiction.  After the case was removed, the plaintiffs filed a first amended

complaint alleging claims for wrongful death and survivorship; negligence; products liability; and breach of warranty. Plaintiffs seek damages for personal injury and death; loss of consortium; loss of income and earning capacity; incidental expenses. They also seek punitive damages.

## I. FACTUAL BACKGROUND

On October 11, 2006 Cory Lidle and Tyler Stanger were flying a 2002 Cirrus SR20 aircraft ("the plane") when it collided with an apartment building in New York City, New York.[1] Both died in the crash.[2] The story garnered national attention both because Cory Lidle was a prominent pitcher for the New York Yankees and because the plane crashed into a building in Manhattan, evoking terrorism concerns.[3] Immediately after the crash, the National Transportation Safety Board ("NTSB") conducted an investigation in conjunction with the New York Police and Fire Departments, the Federal Aviation Administration and other agencies.[4]

### A.    The Parties

Lidle was a pitcher for the New York Yankees. Tyler Stanger was his friend and flight instructor.[5] The evidence before the court suggests that Lidle received flight training both in California

---

[1] See First Amended Complaint, ¶ 10.

[2] *Id.*, ¶ 6.

[3] See CNN.com, "Yankees Pitcher Killed in Crash of Small Plane in Manhattan," Oct. 12, 2006 (http://www.cnn.com/2006/US/10/11/plane.crash/) (noting that immediately after the crash the military deployed fighter aircraft into the air over a number of U.S. cities as a precaution).

[4] Defendants' Memorandum of Points and Authorities In Support of Motion to Transfer to the United States District Court For the Southern District of New York ("Def.'s Mem.") at 2.

[5] See *id.* at 1.

and in the New York area.[6]  Stanger was flight-trained and received his pilot's license in California.[7]
Lidle purchased the plane in Brockton, Massachusetts and initially arranged for it to be stored in
California.[8]  At the time of the crash, however, Lidle was keeping the plane in a hanger in Teterboro,
New Jersey.[9]

Melanie Lidle ("Melanie") is the surviving spouse of Cory Lidle and the personal representative
of his estate.[10]  At all pertinent times, Melanie has been domiciled in and a resident of Lakeland,
Florida.[11]  Although plaintiffs admit that Melanie remains a resident of Florida, they allege that she is
currently living in her home in Glendora, California with her son.[12]  Plaintiffs contend that Melanie is
staying in Glendora because most of her family (as well as Cory's) live in California and are able to
provide support to her in the wake of Cory's death.[13]  Cory and Melanie's son, Christopher Lidle
("Christopher"), is seven years old.  Although he too is a resident of and domiciled in Lakeland, Florida,
plaintiffs allege that he is currently enrolled in elementary school in California.[14]  Christopher is

---

[6]Plaintiffs assert that Lidle was trained to fly a different model aircraft than was involved in the
accident – a Cirrus SR22 – at Justice Aviation in California,.  (King Decl., ¶ 5.)  Cirrus counters that it
has identified three witnesses who participated in Lidle's training; the witnesses are located in New
York, New Jersey, and Florida.  (See Defendants' Reply Memorandum of Points and Authorities in
Support of Motion to Transfer ("Def.'s Reply") at 3.)

[7]See King Decl., ¶ 5.

[8]See *id.*

[9]See Declaration of Tamara M. Rudolph in Support of Motion to Transfer ("Rudolph Decl."),
Exh. C (providing summaries of witness testimony, and noting that potential witness Joanne Baccile had
"developed a friendship with Mr. Lidle during the course of time he hangered his aircraft in Teterboro").

[10]First Amended Complaint, ¶ 1.

[11]*Id.*

[12]See Declaration of Stacy M. King in Support of Plaintiffs' Opposition to Defendant's Motion
to Transfer ("King Decl."), ¶ 4.

[13]See *id.*

[14]See First Amended Complaint, ¶ 2 (noting that Christopher Lidle "has at all pertinent times
been domiciled in and a resident of Lakeland, Florida"); King Decl., ¶ 4 (noting that Christopher is
currently enrolled in school in California).

3

represented by his guardian ad litem, Jordan Feagan.[15]  Feagan was also Lidle's Major League Baseball

agent; he resides and does business in California.[16]

Stephanie Stanger ("Stephanie") is the surviving spouse and administrator of the estate of Tyler

Stanger.[17]  Ashlund and Powell Stanger are the surviving minor children of Tyler and Stephanie.[18]

Stephanie and her children are domiciled in, and residents of Rialto, California.[19]  Ashlund and Powell

are represented in this action by their guardian ad litem, Thayne Stanger.[20]  The Stangers' immediate

family all reside in California.[21]

Cirrus was founded and incorporated in Wisconsin.[22]  In 1994, Cirrus moved its headquarters

to Duluth, Minnesota, where it currently maintains its principal place of business.[23]  The plane was

designed and manufactured by Cirrus at its headquarters in Duluth.[24]  Cirrus sells aircraft and aircraft

parts to pilots in New York.[25]

## B.    The Central Issue in the Case

Plaintiffs and Cirrus disagree as to the facts and evidence on which the case will turn.  Plaintiffs

argue that the accident was caused by an alleged defect in the aircraft.  Specifically, they assert that

---

[15]First Amended Complaint, ¶ 2.

[16]King Decl., ¶ 4.

[17]First Amended Complaint, ¶ 3.

[18]*Id.*, ¶¶ 4-5.

[19]King Decl., ¶ 3.

[20]First Amended Complaint, ¶¶ 4-5.  Thayne Stanger is Tyler's father.  (King Decl., ¶ 3.)

[21]King Decl., ¶ 3.

[22] Declaration of William King in Support of Defendant's Motion to Transfer ("W. King Decl."), ¶ 2.

[23]*Id.*, ¶ 3.

[24]*Id.*, ¶ 4.

[25]*Id.*, ¶ 5.

Cirrus had "prior knowledge of the defective design of the flight control system in the SR20."[26]  To establish the company's prior knowledge, plaintiffs argue that the key witnesses will be those who personally experienced and investigated prior "flight control lock-ups;" plaintiffs contend that the majority of these witnesses are located in California.[27]  Plaintiffs identify specifically Bridgette Doremire and Todd Olson, two pilots of a plane that allegedly experienced a similar "lock-up," as well as the mechanics who worked on their plane.[28]

Cirrus contends, by contrast, that the accident was not a result of a defect, but was caused by pilot error.  Cirrus maintains that "a determination of liability in this case will turn on a detailed reconstruction of the accident largely based upon evidence and witnesses located in New York City."[29]  For this reason, Cirrus asserts, the key witnesses will be eyewitnesses of the crash in New York.

## II.  DISCUSSION

### A.    Legal Standard Governing Motions to Transfer Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  This provision gives a district court broad discretion to transfer a case to another district where venue is also proper.[30]  See, e.g., *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir.

---

[26]Pl.'s Opp. at 3.

[27]See *id.*

[28]See *id.*

[29]Def.'s Mem. at 1.

[30]The parties do not dispute that venue would be proper in the Southern District of New York.  As noted, § 1404 permits the transfer of an action to another district only where the case could originally have been brought in that court.  See 28 U.S.C. § 1404(a).  To effect a transfer, the transferee court must have subject matter jurisdiction and be a proper venue for the action.  Additionally, defendants must be subject to personal jurisdiction in the district, and be amenable to service of process there.  See *A. J. Industries, Inc. v. U.S. District Court for Central Dist. of Cal.*, 503 F.2d 384, 386-88 (9th Cir. 1974); *Shapiro v. Bonanza Hotel Co.*, 185 F.2d 777, 779-81(9th Cir. 1950).  It appears that each of these criteria is met in the present case.  The district court in New York would have subject matter jurisdiction, since the case could have been filed as a diversity action in that court.  Additionally, the parties agree that Cirrus is subject to personal jurisdiction in

1988); *Commodity Futures Trading Comm. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) ("Weighing

of factors for and against transfer involves subtle considerations and is best left to the discretion of the

trial judge"); *E. & J. Gallo Winery v. F. & P.S.p.A.*, 899 F.Supp. 465, 466 (E.D. Cal. 1994) (noting that

whether to transfer venue is within "the inherently broad discretion of the Court"); see also 15 Charles

A. Wright, Arthur R. Miller, & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION

2D § 3847 (1986). The district court must "'adjudicate motions for transfer [of venue] according to an

'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising,

Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

In deciding a motion to transfer venue, the court must weigh multiple factors, including (1) the

plaintiffs' choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4)

the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7)

administrative considerations. Wright, Miller, & Cooper, *supra*, §§ 3841-55; see also *Jones*, 211 F.3d

at 498-99 (suggesting that the following factors may be relevant in assessing a motion to transfer venue:

"(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most

familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts

with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the

differences in the costs of litigation in the two forums, (7) the availability of compulsory process to

compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof");

*Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1088 (N.D. Cal.2002) ("In considering

motions to transfer venue under this section, courts look to: (1) the convenience of the parties; (2) the

---

New York under New York's long arm statute. New York's long arm statute provides for personal
jurisdiction over out-of-state corporations that do business in New York if plaintiff asserts a product
liability claim. See *Penny v. United Fruit Co.*, 869 F.Supp. 122, 129 (E.D.N.Y. 1994) (noting that the
long arm statute "was intended to reach product liability injuries"); see also N.Y.C.P.L.R. § 302(a)(3)
(providing for personal jurisdiction over a corporation that "commits a tortious act without the state
causing injury to person or property within the state" if it "regularly does or solicits business" in New
York). The parties agree that Cirrus has sufficient business connections with New York to satisfy this
standard and justify the exercise of personal jurisdiction over it there. New York would also be an
appropriate venue under 28 U.S.C. § 1391(a)(2), which provides that a diversity action may be brought,
*inter alia*, in "a judicial district in which a substantial part of the events or omissions giving rise to the
claim occurred."

1    convenience of the witnesses; and (3) the interests of justice," citing *Kasey v. Molybdenum Corp.*, 408

2    F.2d 16, 20 (9th Cir. 1969)).

3         The burden is on the moving party to establish that a transfer would allow a case to proceed more

4    conveniently and better serve the interests of justice. *See, e.g., Commodity Futures Trading Comm.*, 611

5    F.2d at 279; *STX, Inc. v. Trik Stik, Inc.*, 708 F.Supp. 1551, 1555-56 (N.D. Cal. 1988) ("In seeking to

6    transfer a case to a different district, a defendant bears a heavy burden of proof to justify the necessity

7    of the transfer. The plaintiff's choice of forum should not be easily overturned"). Indeed, "[i]t is clear

8    that the burden is on defendant, when it is the moving party, to establish why there should be a change

9    of forum. It is not enough without more that the defendant would prefer another forum, nor is it enough

10   merely to show that the claim arose elsewhere. Nor will transfer be ordered if the result is merely to

11   shift the inconvenience from one party to another." Wright, Miller, & Cooper, *supra*, § 3848, at 383-86

12   (footnotes omitted).

13                            **1.    Plaintiff's Choice of Forum**

14        Despite the broad discretion afforded the district court in determining whether to transfer venue,

15   a plaintiff's choice of venue is generally accorded deference. *See, e.g., Decker Coal Co. v.*

16   *Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) ("The defendant must make a strong

17   showing of inconvenience to warrant upsetting the plaintiff's choice of forum"); *Florens Container*, 245

18   F.Supp.2d at 1092 ("[U]nder Ninth Circuit law, a plaintiff's choice of forum is accorded substantial

19   weight in proceedings under this section, and courts generally will not transfer an action unless the

20   'convenience' and 'justice' factors strongly favor venue elsewhere," citing *Securities Investor*

21   *Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985)); *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207

22   F.Supp.2d 1077, 1082 (C.D. Cal. 2002) ("There is a strong presumption in favor of the plaintiff's choice

23   of forum," citing *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000)); *E. & J. Gallo Winery*,

24   899 F.Supp. at 466 (as a general principle "plaintiff's choice of forum should rarely be disturbed").

25        Despite the weight normally afforded a plaintiff's choice of forum, courts have found that the

26   choice should "be given less weight when it is not 'the place where the operative facts of the action

27   occurred.'" *Shalaby v. Newell Rubbermaid, Inc.*, No C06-07026 MJJ, 2007 WL 3144357, *6 (N.D. Cal.

28   Oct. 24, 2007) (quoting *Dwyer v. General Motors Corp.*, 853 F.Supp. 690, 694 (S.D.N.Y. 1994); see

1 | *Inherent.com v. Martindale-Hubbell*, 420 F.Supp.2d 1093, 1100 (N.D. Cal. 2006) ("'the degree to which
2 | courts defer to the plaintiff's chosen venue is substantially reduced when the plaintiff's choice is not its
3 | residence or where the forum lacks a significant connection to the activities alleged in the complaint,'"
4 | quoting *Carolina Casualty Co. v. Data Broadcasting Corp.*, 158 F.Supp.2d 1044, 1048 (N.D. Cal.
5 | 2001)); *IBM Credit Corp. v. Definitive Computer Services, Inc.*, No. C-95-3927 SI, 1996 WL 101172,
6 | *2 (N.D. Cal. Feb. 28, 1996) (Plaintiffs' choice of forum is entitled to somewhat less deference when
7 | a "forum lacks any significant contact with the activities alleged in the complaint, even if the plaintiff
8 | is a resident of the forum," citing Schwarzer, Tashima & Wagstaffe, FEDERAL CIVIL PROCEDURE
9 | BEFORE TRIAL § 4:763 (Rutter Group 1985)); *Hernandez v. Graebel Ban Lines*, 761 F.Supp.983, 990-91
10 | (E.D.N.Y. 1991) ("where the transactions or facts giving rise to the action have no material relation or
11 | significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the
12 | same 'great weight' and in fact is given reduced significance").

13 |     The court in *Shalaby* accorded plaintiffs' choice of forum less weight because it found that the
14 | accident at issue had occurred outside the district, and the only connection with the district was the fact
15 | that plaintiffs resided there. See *Shalaby*, 2007 WL 3144357 at *6. This case presents a similar
16 | situation. The accident at issue here occurred in New York. Plaintiffs have not suggested that the
17 | design, manufacture, or sale of the plane was in any way connected with this district. The only
18 | connection between the accident and the Central District of California that plaintiffs identify is that they
19 | and some potentially crucial witnesses reside here. The fact that some of plaintiffs' proposed witnesses
20 | reside in California does not itself create a connection between this district and the events giving rise
21 | to this action. The California witnesses will testify regarding Cory and Tyler's flight training and prior
22 | instances of alleged product failure. The events to which they will testify all occurred before the crash
23 | occurred. As a result, they are contextual and not "transactions or facts giving rise to the action." See
24 | *Hernandez*, 761 F.Supp. at 990. Because the only direct connection between the accident and this
25 | district is that plaintiffs reside here, the court accords their choice of forum less weight than would

26
27
28

typically be the case.[31]  Nonetheless, the fact that plaintiffs have chosen to litigate the case in California

is entitled to some weight, and means that this factor favors denial of defendant's motion to transfer.

### 2.    Convenience of the Parties

As noted, plaintiffs currently reside in California.  Moreover, both Melanie and Stephanie have

minor children living with them in California.  Cirrus' principal place of business is in Minnesota.  None

of the three parties in this case resides in (or near) the Southern District of New York.  Cirrus does not

suggest that the New York forum is any more convenient to its headquarters in Wisconsin than this

district.  Thus, the two forums are equally inconvenient for Cirrus, while California is far more

convenient for plaintiffs.

Plaintiffs argue that the "expense of traveling to New York would be extremely costly to [their]

two families."[32]  Cirrus counters that any inconvenience and cost is mitigated by the fact that there are

five cases currently pending in the New York state courts against Melanie and Stephanie as

administrators of their deceased husbands' estates.  Cirrus maintains that plaintiffs "will likely need to

---

[31]Some courts have accorded less weight to plaintiffs' choice of forum where plaintiffs filed in state court, and defendant removed the action to federal court.  See, e.g., *Hord v. Recchio*, No. 05-CV-73387-DT, 2006 WL 847082, *6 (E.D. Mich. Mar. 31, 2006) (where a case has been removed to federal court "the weight that would ordinarily be accorded to Plaintiff's choice of forum is diminished").  These courts reason that plaintiff's choice of forum should be accorded less weight because the "plaintiff is no longer in his or her chosen forum, which was state court."  *Jamhour v. Scottsdale Inc. Co.*, 211 F.Supp.2d 941, 947 (S.D. Ohio 2002); see *Blake v. Family Dollar Stores, Inc.*, Civil Action No. 2:07-CV-361, 2007 WL 1795936, *2 (S.D. Ohio June 19, 2007) ("In the case *sub judice*, plaintiffs' choice of forum 'is entitled to somewhat less weight' because plaintiffs are no longer in their chosen forum, i.e., state court, by reason of defendants' removal of the action to this Court"); *Hite v. Norwegian Carribean Lines*, 551 F.Supp. 390, 394-95 (E.D. Mich. 1982) (according less weight to the plaintiff's choice of forum because "plaintiff, here did not choose this court as her forum.  Rather, plaintiff chose Wayne County Circuit Court as her forum").  These decisions suggest that the fact that Cirrus removed the action from state court diminishes the weight that should be accorded plaintiffs' choice of forum.  At least some courts in the Ninth Circuit, however, disagree.  See, e.g., *Langford v. Ameritranz, Inc.*, No. F 05-1271 AWI DLB, 2006 WL 1328223, *8 (E.D. Cal. May 13, 2006) (according weight to the plaintiff's desire to litigate in California where "[w]hile Plaintiff did not choose this court to adjudicate this action, Plaintiff did choose a California state court lying in this judicial district, and Plaintiff has indicated a strong desire to litigate this action in this court").  The court concludes that plaintiffs' choice a California forum is entitled to some weight despite removal of the action from state to federal court.  By filing in California state court, plaintiffs chose to litigate the case in California, even if they did not elect to litigate in federal court.

[32]Pl.'s Opp. at 10.

9

appear in New York several times per year due to their involvement in those[ ] cases."[33]  The court

agrees that the pendency of related litigation against plaintiffs in New York mitigates somewhat the

inconvenience of the forum for them.  This is particularly true since there is likely substantial overlap

between the key issue in those cases and the central question this one – i.e., what was the cause of the

crash.

As Cirrus notes, plaintiffs' offer to pay for key witnesses' travel to California likewise

undermines their assertion that they cannot afford to travel to New York.[34]  Plaintiffs have also asked

defendants to stipulate that the airplane wreckage can be moved from Delaware to California.[35]

Presumably, plaintiffs would be required to pay the cost of any such move, a fact that once again

undermines their assertion that traveling to New York would be financially burdensome.

On balance, the court finds that this factor weighs slightly in favor of plaintiffs.  Although it

would be more convenient for plaintiffs to litigate in California, the pendency of related litigation there,

and plaintiffs' offers to pay various litigation expenses demonstrates that it would not be overly

burdensome for them to travel to New York in connection with this case.

### 3.    Convenience of the Witnesses

The convenience of witnesses is often the most important factor in determining whether a

transfer pursuant to § 1404 is appropriate.  See, e.g., *Denver & Rio Grande Western Ry. Co. v.

Brotherhood of Railroad Trainmen*, 387 U.S. 556, 560 (1967) ("[V]enue is primarily a matter of

convenience of litigants and witnesses"); *A.J. Industries v. United States Dist. Ct.*, 503 F.2d 384, 386-87

(9th Cir. 1974) (discussing the importance and history of the convenience of witnesses in evaluating a

§ 1404 transfer); *Decter v. MOG Sales, LLC*, No. CV 06-1738 MCE GGH, 2006 WL 3703368, *2 (E.D.

---

[33]Def.'s Reply at 6.  Cirrus also offers to depose plaintiffs in California in order to mitigate their
travel expenses.

[34]See Declaration of Gary Carrick in Support of Plaintiffs' Opposition to Defendant's Motion
to Transfer ("Carrick Decl.") ¶ 5 (noting that he has agreed to testify in California on the understanding
that "all costs associated with travel will be covered by Plaintiffs' counsel"); Declaration of Sidney
Hoots in Support of Plaintiffs' Opposition to Defendant's Motion for Transfer ("Hoots Decl."), ¶ 5
(same).

[35]King Decl., ¶ 16.

Cal. Dec. 14, 2006) ("The convenience of the witnesses is said to be the most important factor in considering a transfer motion," citing *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981)); *Applied Elastomerics, Inc. v. Z-Man Fishing Products, Inc.*, No. C 06-2469 CW, 2006 WL 2868971, *4 (N.D. Cal. Oct. 06, 2006) (same).

The court accords less weight to the inconvenience of *party* witnesses, however, as they can be compelled to testify regardless of the forum in which the lawsuit is ultimately litigated. See, e.g., *Applied Elastomerics, Inc.*, 2006 WL 2868971 at *4 (citing *STX, Inc.*, 708 F.Supp. at 1556 (discounting the inconvenience to witnesses who were employees of one of the parties because they could be compelled to testify)); *Hartfield v. Offshore Oil Services, Inc.*, Civil Action No. G-06-275, 2006 WL 2670984, *6 (S.D. Tex. Sept. 14, 2006) ("The Court reiterates that the convenience of key witnesses who are employees of the defendant requesting transfer is 'entitled to less weight because that party will be able to compel their testimony at trial,'" quoting *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.Supp. 1392, 1397 (S.D. Tex. 1992)); *Worldwide Financial LLP v. Kopko*, No. 1:03-CV-0428-DFH, 2004 WL 771219, *3 (S.D. Ind. Mar. 18, 2004) ("The courts ordinarily assume that the parties will be sufficiently motivated to have their own partners or employees or other allies appear for trial wherever it might take place. Parties may use Rule 45 of the Federal Rules of Civil Procedure to conduct discovery all over the United States, so the principal concern along these lines is to make non-party witnesses available for trial. The aim is to minimize the risk of 'trial by deposition'" (citations omitted)).

"The movant is obligated to clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included." *Fireman's Fund Ins. Co. v. National Bank for Cooperatives*, No. C 92-2667 BAC, 1993 WL 341274, * 4 (N.D. Cal. Aug. 27, 1993); see also *Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.*, 829 F.Supp. 62, 66-67 (S.D.N.Y. 1993) ("To meet its burden of demonstrating that transfer is in the convenience of the witnesses, the party seeking transfer must 'specifically list the evidence and witnesses on which the party intends to rely in the transferee district, along with a general statement of the topics of each witness' testimony. . . . Absent such a showing, the motion should be denied").

Cirrus has identified thirteen non-party witnesses who reside in or around New York whom it

intends to call at trial.[36]  Eleven of these witnesses are eyewitnesses to the crash; one worked for the hangar where the plane was stored, and one had previously flown with Lidle.[37]  While Cirrus has identified all of the eyewitnesses to the crash, plaintiffs assert that only a few can present useful testimony, and only two (Hoots and Carrick) will be able to offer a detailed account of the incident.[38]  As a result, plaintiffs contend, only Hoots and Carrick are "key witnesses," and the remainder of the witnesses Cirrus has identified are unnecessary.

Cirrus counters that testimony by all of the eyewitnesses is necessary to provide a complete reconstruction of the crash.  At this stage of the litigation, the court cannot accurately evaluate the value of the testimony that each of the New York eyewitnesses will offer.  In assessing a motion to transfer venue, the "[i]nconvenience to a witness whose testimony is cumulative is not entitled to great[ ] weight."  *Bd. of Trustees v. Baylor Heating & Air Conditioning, Inc.*, 702 F.Supp. 1253, 1258 (E.D. Va. 1988); see also *Central States v. Kurtz Gravel Co.*, No. C 98-2174, 1998 WL 684216, *2 (N.D. Ill. Sept. 18, 1998) (cutting a party's witness list in half because the testimony would be cumulative).  It is likely that presentation of testimony by all eleven witnesses would be cumulative; the court cannot say, however, that only Hoots and Carrick need testify.  Indeed, given that plaintiffs have offered to pay Hoots' and Carrick's travel expenses to California, it may be that their testimony will be favorable to plaintiffs' case, while other witnesses' will not.  For purposes of the present motion, the court concludes that Cirrus has adequately demonstrated that there are significant number of non-party witnesses for whom New York would be a more convenient forum.

Plaintiffs also argue that the *real* issue in this case is Cirrus' negligent design and manufacture of the plane.  To prove a design or manufacturing defect, plaintiffs represent that they will present evidence regarding an earlier accident that took place in California.[39]  They identify more than ten

---

[36]See Rudolph Decl, Exh. C.

[37]See *id.*

[38]Pl.'s Opp. at 12.

[39]Cirrus suggests this accident is not relevant.  "Under California law, [however,] '[e]vidence of prior accidents is admissible to prove a defective condition, knowledge, or the cause of an accident,

witnesses who will testify regarding the accident and Cirrus' response to it.[40]  Because these witnesses are California residents, plaintiffs assert that this district is the more convenient forum.[41]  Once again, the number of witnesses identified suggests that not all need be called, as their testimony would be cumulative.  Consequently, the court discounts somewhat plaintiffs' assertion that all of the California witnesses will be required to be present at trial.  See *Central States*, 1998 WL 684216 at *2; *Baylor Heating & Air Conditioning*, 702 F.Supp. at 1258.     In addition to these California witnesses, plaintiffs represent that they will call numerous other third-party witnesses who have information regarding the accident in this case.  Plaintiffs' interrogatory answers indicate that a majority of these witnesses are located east of the Mississippi River.[42]  Coupled with the prior accident witnesses, this means that fewer than half of plaintiffs' anticipated witnesses reside in California.

Based on the evidence in the record, it appears that a majority of the anticipated third-party witnesses reside outside this district.  Most are either closer to or at least as close to New York as they are to this district.  Many reside in the New York area.  While the parties dispute who the "key" witnesses will be, it is clear that New York is a more convenient location for a majority of the third party witnesses that have been identified.

---

provided that the circumstances of the other accidents are similar and not too remote.'" *Massok v. Keller Industries, Inc.*, 147 Fed. Appx. 651, 656 (9th Cir. Feb. 7, 2005) (Unpub. Disp.) (quoting *Elsworth v. Beech Aircraft Corp.*, 37 Cal.3d 540, 555 (1984)); see *Hughes v. General Motors Corp.*, 35 F.3d 571, 1994 WL 497335, *3 (9th Cir. Sept. 8, 1994) (Unpub. Disp.) ("In order to be admissible, evidence must be relevant; the closer the facts of a prior accident are to the ones at issue in the case at trial, the more relevant these facts are").  The rule is similar in New York.  See *Schmelzer v. Hilton Hotels Corp.*, No. 1:05-cv-10307 (JFK) 2007 WL 2826628, *2 (S.D.N.Y. Sept. 24, 2007) ("Before prior accidents may be admitted for any purpose, the proponent must establish their relevance by showing that they occurred under the same or substantially similar circumstances as the accident at issue").  If plaintiffs can show that the accidents were similar, therefore, it is likely that evidence regarding the earlier crash will be admissible.

[40]King Decl., ¶ 12.

[41]Pl.'s Opp. at 11.

[42]Def.'s Reply at 3-4.  Cirrus has provided a chart listing the names and locations of all witnesses proposed by plaintiffs.  Of the 94 individuals identified, 58 are located in New York, Florida, Illinois, Indiana Maryland, Minnesota and Virginia.  (*Id.* at 2.)  By the court's count, 24 are located in the New York area.

13

The court must also evaluate the potential value of the witnesses' proposed testimony. The testimony of the witnesses who reside in California will be offered primarily to prove the circumstances of a prior accident. While this evidence will likely be admissible, the critical issue in determining whether Cirrus is liable for Lidle's and Stanger's death will be how it processed and responded to information regarding the prior accident. Plaintiffs do not make clear the full extent of the California witnesses' knowledge on this subject; as a result, the court cannot assess the degree to which the witnesses will truly be central to plaintiffs' products liability proof. The New York eyewitnesses, by contrast, possess information that is directly relevant to the crash at issue in this action. There can be no question that their collective reconstruction of the crash will be crucial to Cirrus' ability to prove that the cause of the crash was pilot error. Weighing the subject matter of the testimony that the two groups of witnesses will give, the court concludes it is more likely that the New York witnesses will be central to the outcome of the case than the California witnesses.[43]

Consequently, the court finds that Cirrus has shown that (1) the Southern District of New York would be the most convenient forum for the witnesses who will offer the most important testimony in this case, and (2) that the Southern District of New York is the more convenient forum for the bulk of the non-party witnesses identified by the parties. Taking these two facts together, the court finds that the convenience of the witnesses weighs heavily in favor of transfer.

### 4. Ease of Access to Sources of Proof

Cirrus and plaintiffs agree that many of the documents in the possession of the parties will either be produced electronically or have already been produced. Cirrus suggests that it will need to subpoena

---

[43]The parties also address the availability of compulsory process to secure the testimony of the witnesses. In general, whether compulsory process is available to obtain non-party witnesses' testimony is only relevant where a party demonstrates that a witness would be unable or unwilling to testify in the original forum. See *Big Apple Pyrotechnics and Multimedia Inc. v. Sparktacular Inc.*, No. 05 Civ. 9994 (KMW), 2007 WL 747807, *9 (S.D.N.Y. Mar. 9, 2007) (according little weight to the availability of compulsory process because defendants did not contend that any of the non-party witnesses were likely to be hostile to defendants). Cirrus does not argue that any of the New York witnesses are likely to be hostile to it or that they would be unable to testify in California. Plaintiffs likewise fail to show that the California witnesses would be hostile or unwilling to testify in New York. Both parties have offered to depose out-of-state witnesses where they reside to minimize travel costs. Consequently, the court concludes that the availability of compulsory process is a neutral factor.

1  a number of records, most of which are located in New York.[44]  It also notes that the crash site itself is

2  in New York and that the plane wreckage is currently located in Delaware.

3    Plaintiffs respond that they have already produced or can easily produce all of the documents

4  in New York that Cirrus seeks.  Cirrus has identified five key documents that it requires: (1) the plane's

5  maintenance logs, (2) air traffic control logbooks from La Guardia Airport, (3) the New York coroner's

6  report, (4) photographs and other materials in possession of the building owner depicting damage at the

7  accident site, and (5) records of Lidle's salary, insurance coverage, and fringe benefits that are in the

8  possession of the New York Yankees.[45]  Plaintiffs assert that these records, as well as others located in

9  New York, have already been obtained by Cirrus, are being obtained through FOIA requests, or can

10  easily be obtained with the assistance of plaintiffs' families and Feagan.  Consequently, plaintiffs assert,

11  Cirrus cannot show that it will be difficult to obtain the records.

12    "If [a] motion [to transfer venue] is based on the location of records and documents, the

13  [defendant] must show with particularity the location, difficulty of transportation, and the

14  importance of such record."  *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F.Supp.2d 957, 963

15  (C.D. Cal. 2005).  Because Cirrus has not demonstrated that it would be overly burdensome to

16  litigate the action here or in the Southern District of New York due to the location and difficulty in

17  transporting critical "books and records," the location of relevant documents weighs neither in favor

18  of nor against transfer to New York.  See *id.*; see also *In re Triton Limited Sec. Litig.*, No. CV 98-256,

19  1999 WL 787565, *11 (E.D. Tex. Sept. 29, 1999) ("Defendants . . . fail to show that these documents

20  are so voluminous that they would be difficult to transport.  Therefore, the Court does not consider this

21  as an important factor in the transfer analysis"); *Bianco v. Texas Instruments, Inc.*, 627 F.Supp. 154, 165

22  (N.D. Ill. 1985) ("As for defendants' argument concerning the location of relevant documents, we do

23  not believe that this is a compelling factor, given the ready availability of photocopying and the relative

24  ease with which documents may be selectively shipped around the country"); *Met-L-Wood Corp. v. SWS*

25

26    [44]Def.'s Mem. at 12.  Cirrus alleges that even those records that are not in New York are located

27  on the east coast.

28    [45]Rudolph Decl., Exh. D.

1    *Indus., Inc.*, 594 F.Supp. 706, 710 (N.D. Ill. 1984) (observing that the location of documents is not an

2    important factor "unless documents are so voluminous that their transport is a major undertaking").

3           By contrast, it is indisputable that the physical evidence in this case is currently located on the

4    east coast. Courts have held that "the location of physical evidence such as the wreckage of a crashed

5    plane ought to be given more weight in the balancing analysis" than "the location of documentary

6    evidence." *Converting Alternatives Intern., LLC v. B & D Specialty Services, Inc.*, No. 06-CV-13695,

7    2007 WL 851003, *9 (E.D. Mich. Mar. 16, 2007); see also *Audi AG and Volkswagon of America, Inc.*

8    *v. D'Amato*, 341 F.Supp.2d 734, 751 (E.D. Mich. 2004). The crash site is located in the Southern

9    District of New York, and the plane wreckage is currently most accessible from that district. Plaintiffs

10   argue that the crash site has already been fully investigated. Cirrus contends, however, that "the scene

11   has been *and will be* inspected by experts on both sides."[46] Given the parties' disagreement, the court

12   cannot determine the extent to which inspection of the crash site has occurred or whether further

13   inspection will be necessary. Given the fact that the litigation is in its early stages, the court concludes

14   it is likely that further investigation by testifying and/or consulting experts may be required. In addition,

15   it is possible that a jury view of the crash site may be useful or required. Therefore, the court concludes

16   that the location of the site in the Southern District of New York weighs in favor of transfer.

17          As respects the plane wreckage, plaintiffs assert that plans have been made to transport the

18   wreckage to a hangar in California so that it will be convenient to the parties in this district. Cirrus

19   notes, however, that it has not yet stipulated to moving the evidence across the country.[47] Furthermore,

20   Cirrus argues that transferring the case to New York would mean that the wreckage could remain in

21   Delaware, thereby reducing the danger and expense of moving the wreckage.[48] Whether or not the crash

22   was caused by pilot error or defective design, the plane wreckage will be relevant and important

23   evidence. As it currently stands, the wreckage is far more convenient to a New York forum than it is

24   to this district.

---

26   [46]Def.'s Mem. at 12.

27   [47]Def.'s Reply at 6, n.2.

28   [48]See *id.*

Because the court finds that access to the crash site and the wreckage is more easily obtained in the Southern District of New York than in California, it concludes that the "access to proof" factor weighs in favor of transfer to New York.

### 5.    Which Forum's Law Applies

Neither party offers any choice of law analysis as to whether New York or California law will apply.  The parties agree, however, that California and New York courts are "equally capable of determining the legal issues that are vital to this litigation."[49]  Where the legal questions to be resolved are straightforward and no complex issues of state law are involved, the relative importance of which state's law applies is diminished.  See *Sheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992) ("finally, the applicability of Florida law is not a significant concern in light of the relative simplicity of the legal issues involved").  Consequently, the court finds this factor neutral in determining the propriety of transfer.

### 6.    The Interests of Justice

"The 'interest[s] of justice' include such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case."  *Heller Financial, Inc. v. Midway Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989).  Although related cases have been filed in New York, they are pending in state, rather than, federal court.  Therefore, this factor weighs neither in favor of nor against transfer.

### 7.    Administrative Considerations

Administrative considerations such as docket congestion are given little weight in this circuit in assessing the propriety of a § 1404(a) transfer.  See *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335 (9th Cir. 1984) (forum non conveniens case), cert. denied, 417 U.S. 1066 (1985).  Cirrus notes that the median time between filing and trial in the Central District of California is twenty-three months, while the median time in the Southern District of New York is twenty-seven months.  It suggests that the difference is not sufficiently great that it weighs against transfer.  The court agrees.  Both this district

---

[49]Pl.'s Opp. at 17; see Def.'s Mem. at 14 ("California and New York are likely equally well equipped to determine the legal issues germane to this lawsuit").

1   and the Southern District of New York are busy districts and the difference of a few months is not so

2   significant that it tips this factor in either party's favor.  See *Raynes v. Davis*, No. CV 05-6740 ABC

3   (CTx), 2007 WL 4145102, *4 (C.D. Cal. Nov. 19, 2007) ("The evidence presented by both sides is not

4   persuasive that one forum is substantially more congested than the other.  This factor is therefore

5   neutral").  As a result, this factor too is neutral.

6           **8.   Additional Factors**

7        In *Jones*, 211 F.3d 495, the Ninth Circuit held that certain additional factors may be relevant in

8   assessing discretionary transfer under § 1404(a), specifically, the location where relevant agreements

9   were negotiated and executed, and the contacts related to plaintiff's claims in the chosen forum.  Stated

10   differently, "[a] fundamental principle guiding section 1404(a) analysis is that litigation should proceed

11   'in that place where the case finds its center of gravity.'" *Teknekron Software Systems, Inc. v. Cornell*

12   *University*, Civ. No. 93-20122 SW, 1993 WL 215024, *7 (N.D. Cal. June 14, 1993) (quoting *Levinson*

13   *v. Regal Ware, Inc.*, Civ. A. No. 89-1298 MTB, 1989 WL 205724,  *2 n. 3 (D.N.J. Oct. 6, 1989)(citing

14   cases)).

15        Cirrus argues that New York is the true center of gravity of this litigation because the accident

16   occurred in New York and is of special interest to the residents of New York.  This accident occurred

17   when a plane that was hangared in the New York area and that was being piloted by a New York public

18   figure hit a building in Manhattan.  The plane was not manufactured, maintained or purchased in

19   California.  Thus, neither the alleged negligent manufacture/design nor the alleged pilot error occurred

20   in California.  By contrast, the operative events on the day of the crash all occurred in New York.

21        Furthermore, as Cirrus notes, the plane crash was a matter of significant public interest in New

22   York.  The New York Yankees are a prominent and beloved professional sports team in New York City.

23   Because Cory Lidle was a pitcher for the Yankees, the story was of local interest in the city.

24   Furthermore, as noted, the crash took place on the streets of Manhattan, causing a disturbance in the

25   lives of New York residents.  Where a case is of prominent local concern, public policy supports trying

26   the case in the locale where the accident occurred.  See *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509

27   (1947) ("In cases which touch the affairs of many persons, there is reason for holding the trial in their

28   view and reach rather than in remote parts of the country where they can learn of it by report only");

*Hamilton v. Accu-Tek*, 47 F.Supp.2d 330, 347 (E.D.N.Y. 1999) ("The public interest in local adjudication of local controversies favors transfer of these actions to the states where the shootings occurred," citing *In re Eastern District Repetitive Stress Injury Lit.*, 850 F.Supp. 188, 195 (E.D.N.Y. 1994) ("A lawsuit is not purely a matter of private concern. When an action involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale, where it may be a matter of local attention, rather than in a remote location where it will be learned of only by report")); see also *Transcanada Power Marketing, Ltd. v. Narragansett Elec. Co.*, 402 F.Supp.2d 343, 353 (D. Mass. 2005) (noting that despite improvements in technology, the "basic principle" that "there is a local interest in having localized controversies decided at home" still resonates, citing *Gulf Oil*).

The center of gravity of this case is New York City. The flight and crash took place entirely within the New York metropolitan area. Moreover, the crash was an event that drew public concern because of Lidle's identity and because of its location. For these reasons, New York has a stronger interest in litigating this action than California. This factor, therefore, weighs strongly in favor of transfer.[50]

### 9. Balancing The Discretionary Factors

Only five of the discretionary factors governing transfer are relevant to the court's analysis.[51] Of these five factors, two weigh against transfer and three weigh in favor. The factors that weigh against transfer – plaintiffs' choice of forum and the convenience of the parties – do so only slightly, for the reasons stated above. The three factors that weigh in favor of transfer – convenience of the witnesses, ease of access to proof, and the public interest – strongly support transfer of the action to New York. The convenience of witnesses, which is the most important factor in the § 1404(a) analysis, favors New York, as does the fact that New York is the "center of gravity" of this litigation. Comparing the relative weight of the factors that do and do not favor transfer, the court concludes that the balance of the factors support granting this motion.

---

[50]As Cirrus notes, plaintiffs did not argue that "local concerns" weigh in favor of retaining the case in this district. The court takes plaintiffs' silence as a concession that this factor favors transfer.

[51]As noted, the court has found that (1) which forum's law will apply, (2) the interests of justice, and (3) administrative considerations are neutral in the transfer analysis.

1

## III. CONCLUSION

2       For the reasons stated, the court grants defendant Cirrus' motion to transfer this action to the

3  Southern District of New York and directs the clerk to transfer the action forthwith.

4

5

6  DATED: January 14, 2008

7

_____
                    MARGARET M. MORROW
               UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28