UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

MELANIE LIDLE, Personal                    :
representative on behalf
of the Estate of Cory Lidle,               :
et al.,                                    :
                                           :        08 Civ. 1253 (BSJ)(HBP)
                    Plaintiffs,            :
                                                    ORDER
                                           :
     -against-
                                           :
CIRRUS DESIGN CORPORATION,
                                           :
                    Defendant.
                                           :
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5-12-08

          PITMAN, United States Magistrate Judge:

          A conference having been conducted on this date during

which various discovery disputes and scheduling matters were

discussed, for the reasons stated on the record in open court, it

is hereby ORDERED that:

          1.  Based on the representations of counsel,

defendant's application to compel the production of

executed releases for medical records is denied as

moot.

          2.  Defendant's application to compel production

of releases for employment records is denied.

          3.  No later than May 16, 2008, counsel for plain-

tiffs shall provide counsel for defendant with a pro-

posed protocol for the transportation and analysis of

the portions of the wreckage discussed during today's

conference. Defendant's expert shall respond to the proposed protocol no later than May 30, 2008. If the parties cannot resolve by agreement any issues concerning the transportation and testing of the wreckage, they are directed to fax me a joint letter setting forth the precise dispute(s), their respective positions and the reasons for their positions.

4.   All fact discovery shall be completed on or before September 12, 2008.

5.   Both sides shall make their initial Rule 26(a)(2) disclosures (expert disclosures) no later than October 10, 2008.

6.   Both sides shall make their rebuttal expert disclosures no later than November 7, 2008.

7.   Depositions of all expert witnesses shall be completed no later than December 5, 2008.

8.   The parties shall report for a settlement conference on December 9, 2008 at 2:00 p.m. in Courtroom 18A, United States Courthouse, 500 Pearl Street, New York, New York 10007. A copy of my procedures for settlement is transmitted herewith.

9.   Dispositive motions, if any, shall be served and filed no later than January 9, 2009.

10.   The Pretrial Order, in the form required by Judge Jones's rules, along with all other pretrial submissions required by Judge Jones, shall be filed on February 9, 2009, or thirty days after the decision on any dispositive motion (if it is still necessary after such decision), whichever date is later.  Plaintiffs shall serve a draft of their portion of the Pretrial Order on counsel for defendant no later than fifteen days prior to the Pretrial Order's due date.  For the convenience of all parties, a copy of Judge Jones's rules is available on the Court's web site, www.nysd.uscourts.gov.

Dated:   New York, New York
         May 9, 2008

                    SO ORDERED

                    _____
                    HENRY PITMAN
                    United States Magistrate Judge

Copies transmitted to:

Todd Macaluso, Esq.
Macaluso & Associates
Suite 1200
600 West Broadway
San Diego, California  92101

Hunter J. Shkolnik, Esq.
Rheingold, Valet, Rheingold,
    Shkolnik & McCartney, LLP
113 East 37th Street
New York, New York  10016-3042

3

Patrick E. Bradley, Esq.
Tara Nicola, Esq.
Reed Smith, LLP
Suite 250
Princeton Forrestal Village
136 Main Street
Princeton, New Jersey  08540

Oliver Beiersdorf, Esq.
Reed Smith, LLP
599 Lexington Avenue
New York, New York  10022

DANIEL M. ORTIZ
COURTROOM DEPUTY
(212) 805-6112

**Procedures Applicable to Cases Referred for Settlement
to Magistrate Judge Henry Pitman**

1.   All settlement conferences are "off the record" and all
communications to the magistrate judge relating to settlement are
confidential.

2.   I shall function as a mediator, attempting to help parties
reach agreement on terms of settlement.  Efficient use of this
process requires that counsel and their clients be (1) prepared
for the conference and (2) candid with the mediator.

3.   No later than the Friday before the initial settlement
conference, counsel for each party should submit a letter, <u>no
longer than five pages</u>, clearly marked "CONFIDENTIAL MATERIAL FOR
USE AT SETTLEMENT CONFERENCE," which need not be served on other
parties, succinctly stating (1) the history of settlement negoti-
ations; (2) counsel's evaluation of the settlement value of the
case and the rationale for it (not simply an "opening bid"); and
(3) any other facts that would be helpful to the mediator in
preparation for the conference.  To assure receipt no later than
4:00 p.m. on the due date, it is recommended that pre-conference
submissions be faxed to 212-805-6111.

4.   At the initial settlement conference, all counsel will be
expected (in the presence of each other and the parties) to make
a <u>brief</u> presentation (usually 10 minutes) summarizing (1) the
issues of fact and law which they regard as dispositive; (2) the
most recent offer or demand communicated to adverse counsel; and
(3) any other matters they regard as material to settlement.
Although the merits of the case are relevant to settlement value,
counsel are reminded that settlement conferences are not
adjudicatory in nature; discussions of legal issues should be
simple and straightforward, with due regard to the importance of
participation by the parties in the settlement process.

5.   Where all parties are represented by counsel, I shall also
meet separately with each side.  In these meetings, the parties

and their counsel should be prepared to discuss the bases for their stated position, the amount of attorneys' fees and litigation expenses incurred to date and an estimate of the cost of litigating the case to judgment. Where any party appears <u>pro se</u>, separate meetings are not ordinarily held.

6. The presence in person of <u>parties</u>, as well as their lawyers, is essential to the mediation process. In particular, it is important that parties hear the adversary's presentation and have the opportunity to speak with the mediator outside the presence of any adversary. For these reasons, requests that parties be excused from the <u>initial</u> conference are rarely granted, unless a party is in prison or lives far away from New York City. Corporate parties or labor unions should send the person with decision-making authority who gives directions to the attorney of record. <u>Where liability insurance is involved</u>, a knowledgeable representative of the carrier should attend in addition to the insured. Where any government agency is a party, the attorney of record should be accompanied by a knowledgeable representative of the agency involved in the case, regardless of who has ultimate authority to recommend or approve settlement.

7. If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from the insurance carrier), that party may be required to reimburse all the other parties for their time and travel expenses.

8. Telephone requests for adjournment are not entertained. A request for adjournment must, if at all possible, be in the form of a <u>joint</u> letter from the attorneys for all the parties, and must, if at all possible, suggest two alternative dates when the attorneys and their clients will be available. In any event, a request for adjournment is inoperative unless it mentions the position of each party with respect to the requested adjournment.

9. Except for pre-conference submissions pursuant to ¶ 3, all communications with chambers regarding pending cases must be in writing, sent by U. S. mail or facsimile transmissions, with copies to all counsel of record by means no less expeditious than that used to transmit the original.

10. If the case is settled prior to a scheduled conference, an adjournment of up to two weeks will be granted on <u>written</u> request solely for the purpose of submitting a stipulation of dismissal to be "so ordered" by the district judge.