```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  3-24-09
```

MELANIE LIDLE, et al.,                :

                 Plaintiffs,     :        08 Civ. 1253 (BSJ)(HBP)

   -against-                          :

CIRRUS DESIGN CORPORATION,            :        ORDER
et al.,
                         :

            Defendants.     :
                         :
-----------------------------------X

       PITMAN, United States Magistrate Judge:

       A conference having been held on this date during which oral argument was heard concerning the parties' dispute concerning documents withheld by Jordan Feagan, for the reasons stated on the record in open court, and the additional reasons set forth below, it is hereby ORDERED that:

       1.  All documents withheld by Feagan are ordered produced on the ground that plaintiffs have not offered any evidence sufficient to establish any element of either the attorney-client privilege or work-product doctrine with respect to any document listed on Feagan's schedule of withheld documents.  The party asserting the protection of the attorney-client privilege or the work-product doctrine bears the burden of proving the elements of the privilege or doctrine.  In re Grand Jury Subpoena Dated December 19, 1978, 599

F.2d 504, 510 (2d Cir. 1979); <u>Johnson Matthey, Inc. v.</u>
<u>Research Corp.</u>, 01 Civ. 8115 (MBM)(FM), 2002 WL
31235717 at *3 (S.D.N.Y. Oct. 3, 2002). "The burden
cannot be met by '"mere conclusory or <u>ipse</u> <u>dixit</u> asser-
tions"' in unsworn motion papers authored by attor-
neys." <u>Gulf Islands Leasing, Inc. v. Bombardier Capi-</u>
<u>tal, Inc.</u>, 215 F.R.D. 466, 472 (S.D.N.Y. 2003), <u>quoting</u>
<u>von Bulow v. von Bulow</u>, 811 F.2d 136, 144 (2d Cir.
1987) <u>and In re Bonanno</u>, 344 F.2d 830, 833 (2d Cir.
1965). Thus, assertions of fact set forth in memoranda
of law that are unsupported by affidavit, affirmation,
testimony or other material of evidentiary weight are
insufficient as a matter of law to establish the ele-
ments of the work-product doctrine or any other eviden-
tiary privilege. <u>See</u> <u>Giannullo v. City of New York</u>,
322 F.3d 139, 142 (2d Cir. 2003) (a memorandum of law
"is not evidence at all"); <u>Rexnord Holdings, Inc. v.</u>
<u>Bidermann</u>, 21 F.3d 522, 526 (2d Cir. 1994); <u>Streamline</u>
<u>Capital, L.L.C. v. Hartford Cas. Ins. Co.</u>, 02 Civ. 8123
(PKC)(MHD), 2005 WL 66898 at *2 (S.D.N.Y. Jan. 11,
2005); <u>Craig v. First Web Bill, Inc.</u>, Civ.A.04-CV-1012
(DGT), 2004 WL 2700128 at *1 (E.D.N.Y. Nov. 29, 2004);
<u>Cornell v. Assicurazioni Generali, S.p.A.</u>, 97 Civ. 2262
and 98 Civ. 9186 (MBM), 2000 WL 1191124 at *1 (S.D.N.Y.

Aug. 22, 2000).  Since plaintiffs have failed to submit an affidavit or declaration establishing any element of any privilege with respect to any document, plaintiffs have failed to carry their burden of proof.

2.  To the extent the documents on Feagan's schedule of withheld documents relate to Corey Lidle's past earnings, future earnings or any other aspect of damages, they are also ordered produced pursuant to Fed.R.Civ.P. 26(a)(2)(B).  Although the Second Circuit has not yet dealt with the issue, the overwhelming weight of District Court decisions within the Circuit hold that the discovery obligation set forth in rule 26(a)(2)(B) trumps the attorney-client privilege and the work product doctrine.  Emerson Enter., LLC v. Kenneth Crosby-New York, Inc., 03-CV-6530 (CJS), 2008 WL 141638 at *1-*2 (E.D.N.Y. Jan. 14, 2008); Sparks v. Seltzer, 05-CV-1061 (NG)(KAM), 2007 WL 295603 at *1-*2 (E.D.N.Y. Jan. 27, 2007); American S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Alcoa S.S. Co., 04 Civ. 4309 (LAK)(JCF), 2006 WL 212376 at *1-*2 (S.D.N.Y. Jan. 26, 2006); In re Omeprazole Patent Litig., M—121-81 (BSJ), MDL 1291, 2005 WL 818821 at *10 (S.D.N.Y. Feb. 18, 2005), aff'd, 227 F.R.D. 227 (S.D.N.Y. 2005); Ling Nan Zheng v. Liberty Apparel Co., 99 Civ. 9033 (RCC)

(HBP), 2004 WL 1746772 at *2 (S.D.N.Y. Aug. 3, 2004);

Aniero Concrete Co. v. N.Y.C. Sch. Const. Auth., 94

Civ. 9111 (CSH)(FM), 2002 WL 257685 at *2-*3 (S.D.N.Y.

Feb. 22, 2002); Weil v. Long Island Sav. Bank FSB, 206

F.R.D. 38, 39-40 (E.D.N.Y. 2001); see also In re Pio-

neer Hi-Bred Int'l, Inc., 238 F.3d 1370, 1375-76 (Fed.

Cir. 2001). Thus, when otherwise privileged documents

are shown to an expert witness and the documents relate

to the subject matter of the expert's testimony, any

applicable privilege is waived.

    3.   Unless production is stayed by myself or Judge

Jones, plaintiffs are directed to produce the documents

listed on Feagan's schedule of withheld documents

within twenty (20) days of the date of this Order.

Dated:   New York, New York
         March 23, 2009

                                SO ORDERED

                                HENRY PITMAN
                                United States Magistrate Judge

Copies transmitted to:

Hunter J. Shkolnik, Esq.
Rheingold, Valet, Rheingold,
   Shkolnik & McCartney LLP
113 East 37th Street
New York, New York 10016-3042

4

Patrick E. Bradley, Esq.
Tara E. Nicola, Esq.
Reed Smith LLP
Princeton Forrestal Village
Suite 250
136 Main Street
Princeton, New Jersey 08540-7839