```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MELANIE LIDLE, personal representative  :
on behalf of the Estate of Cory Lidle;  :
MELANIE LIDLE, an individual;           :
CHRISTOPHER LIDLE, a minor, by and      :
through his guardian ad litem, JORDAN   :
FEAGAN; STEPHANIE STANGER,              :
an administrator on behalf of the       :  08 Cv. 1253 (BSJ)(HBP)
Estate of Tyler Stanger; STEPHANIE      :
STANGER, an individual; ASHLUND         :  Opinion and Order
STANGER, a minor by and through her     :
guardian ad litem, THAYNE STANGER;      :
                                        :
                                        :
                        Plaintiffs,     :
                                        :
            v.                          :
                                        :
CIRRUS DESIGN CORPORATION, et al.       :
                                        :
                        Defendants.     :
------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Plaintiffs in the above-captioned case ("Plaintiffs") filed wrongful death claims against Cirrus Design Corporation ("Defendant") arising from an aircraft accident that occurred on October 11, 2006 in New York, New York. On February 10, 2010, Defendant moved to strike the expert opinions of five of Plaintiffs' witnesses. On July 6, 2010, the Court issued an Order and Opinion denying Defendant's various motions to strike expert opinions and to grant summary judgment. Lidle ex rel. Lidle et al. v. Cirrus Design Corp., No. 08 Civ. 1253(BSJ)(HBP), 2010 WL 2674584 (July 6, 2010 S.D.N.Y.). Now pending before the

1

Court is defendants' motion pursuant to 28 U.S.C. § 1292(b) to certify the July 6 Opinion and Order for interlocutory appeal. For the reasons set forth below, Defendant's motion is DENIED.

## BACKGROUND

In their Complaint, Plaintiffs allege (1) that the Aircraft's flight control system failed as a result of a design defect in the rudder-aileron interconnect ("RAI"); (2) that the flight control system in the Aircraft was misrigged due to a manufacturing defect, causing the RAI to lock up and the pilots to lose control; (3) that the RAI system in the Aircraft was negligently designed; and (4) that Defendant failed to warn Lidle and Stanger of latent dangers resulting from foreseeable uses of the Aircraft. On February 10, 2010, defendants moved for summary judgment and to strike the expert opinions of Peter R. Leffe, Abdon Llorente, Arthur C. Hughes, Dr. Arun Kumar, and Stephen M. Lind.

In the July 6 Opinion and Order, the Court denied Defendant's motion to strike the defect and causation opinions of Plaintiffs' experts. The Court concluded that each witness was qualified to offer an expert opinion in this case, that their expected testimony was both reliable and relevant, and that the testimony was based on adequate information. Further, the Court held that the <u>Daubert</u> factors were inapplicable to the experts' proposed testimony and that the failure to test their

2

theories was not fatal. Thus, the Court determined that the testimony of each of plaintiffs' expert witnesses was admissible.

Defendant seeks certification for an interlocutory appeal for this Order. Defendant wishes to appeal: (1) whether and to what extent an expert's hypothesis on why an airplane accident allegedly occurred is governed by Daubert's criteria for scientific reliability; (2) whether a Court may forego the application of Daubert criteria to an expert's accident reconstruction hypotheses; and (3) whether the inability or failure to confirm an accident reconstruction hypothesis through a valid scientific methodology goes to the weight of an expert's testimony, not its admissibility. (Df. Br. at 1-2).

**LEGAL STANDARD**

As a general matter, "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)). However, a district court may grant a party leave to appeal an interlocutory order, pursuant to § 1292(b), if the party seeking certification can establish that the order: (1) "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "that

an immediate appeal would materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[T]he power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law. . . . [O]nly exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 25 (2d Cir. 1990) (internal quotation marks and citations omitted).

As such, "[i]nterlocutory appeals are strongly disfavored in federal practice." In re Ambac Fin. Group, Inc. Sec. Litig., 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010). Section 1292(b) operates as "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." Koehler, 101 F.3d at 865-66 (citation omitted). Section 1292(b) "was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation, or to be a vehicle to provide early review of difficult rulings in hard cases." Martens v. Smith Barney, Inc., 238 F. Supp. 2d 596, 600 (S.D.N.Y. 2002) (internal quotation marks and citations omitted). Accordingly, a court should "exercise great care in making a § 1292(b) certification." Westwood Pharm., Inc. v.

4

Nat'l Fuel Gas Distribution Corp., 964 F.2d 85, 89 (2d Cir. 1992).

Though § 1292(b) does not identify a specific time period within which a party may seek appellate certification from a district court, "courts have held that any delay in seeking amendment and certification must be reasonable." Morris v. Flaig, 511 F. Supp. 2d 282, 314 (E.D.N.Y. 2007) (internal quotation marks and citation omitted).

### DISCUSSION

The instant motion is denied because Defendant fails to satisfy the section 1292(b) criteria for permitting an interlocutory appeal. Defendant does not present "controlling question[s] of law as to which there [are] substantial ground[s] for difference of opinion." Nor does it establish "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). None of the issues raised by Defendant meet this standard, and the Court is not persuaded that these are exceptional circumstances justifying interlocutory appeal.

As an initial matter, Plaintiffs contend that Defendant's two-month delay in seeking certification was unreasonable. (Pl. Mem. at 3). The Court declines to treat this delay as dispositive and chooses instead to "treat it as one of several factors weighing against certification." Whiteface Real Estate

5

Development & Const., LLC. V. Selective Ins. Co. of Am., No. 8:08-cv-24 (GLS/DRH), 2010 WL 4024517, at *1 (Oct. 13, 2010 N.D.N.Y.).

Defendant argues that the Court failed to apply the correct legal standard by not applying the Daubert factors to the testimony of Plaintiffs' expert witnesses.  Defendant does not dispute that court made a determination of whether the proffered expert testimony was reliable and relevant.  Defendant argues that the Court was required to evaluate an expert's opinions under the Daubert criteria when making this determination.  However, none of the cases cited by Defendant stand for the proposition that an expert's opinion which does not otherwise satisfy the Daubert factors cannot still be reliable when based on an expert's relevant professional knowledge and experience.  Rather, the determination of whether to apply the Daubert factors to an expert's proposed testimony is a matter clearly left to the discretion of a District Court.  See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 149 (1999) (Daubert factors not to be considered "a definitive checklist or test").  The essence of Defendant's argument is that the Court incorrectly applied the law to the facts presented.  Thus, the questions presented for interlocutory appeal by plaintiffs would require the Second Circuit to review this Court's application of the law to the facts presented by the parties.  Thus, this is not a "pure

question of law that the reviewing court could decide quickly and cleanly without having to study the record." Stone v. Patchett, No. 08 CV 5171(RPP), 2009 WL 1544650, at *2 (June 3, 2009 S.D.N.Y.) (citing Century Pac. Inc. v. Hilton Hotels Corp., 574 F. Supp. 2d 369 (S.D.N.Y. 2008) (internal quotation marks omitted). Under these circumstances, such determinations do not present issues of pure law and therefore are not appropriate for interlocutory review.

Additionally, Defendant has not established that there is "substantial ground for difference of opinion" regarding the Court's determination that the Daubert factors were inapplicable to the particular experts' testimony. The issues presented here are not particularly difficult or novel. The Second Circuit has held that a district court possesses "broad discretion in determining what method is appropriate for evaluating reliability under the circumstances of each case." Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 265 (2d Cir. 2002). In this Court's Opinion and Order dated July 6, 2010, the Court determined that the experts' testimony was relevant and had a sufficiently reliable foundation to permit it to be considered. Defendant fails to cite to any cases that hold that a district court must apply the Daubert criteria to an accident reconstruction hypothesis. To the contrary, Daubert provides factors that a court may consider at its discretion, in addition

7

to those found in Federal Rule of Evidence 702, when determining relevance and reliability. See Kumho Tire, 526 U.S. at 153; Zaremba v. Gen. Motors Corp, 360 F.3d 355, 357-58 (2d Cir. 2004); Fernandez v. Cent. Mine Equip. Co., 670 F. Supp. 2d 178, 185 (E.D.N.Y. 2009). Thus, these issues simply require the application of well-settled legal principles routinely confronted by the courts of this Circuit and do not present an issue with "substantial ground for difference of opinion."

Finally, an interlocutory appeal will not advance the ultimate termination of the litigation. Any decision on the merits will be delayed by an appeal at this time. Such piecemeal appeals that do not "materially advance the ultimate termination of the litigation," as required by § 1292(b), are strongly discouraged. See Koehler, 101 F.3d at 865. Defendant has also failed to establish that there are any exceptional circumstances at play here that warrant a departure from the policy of postponing appellate review until after the entry of a final judgment. See Id. As such, Defendant has not satisfied the criteria for the certification of an interlocutory appeal.

## CONCLUSION

For the reasons set forth above, Defendant's request for certification is DENIED.

**SO ORDERED:**

```
                              _____
                              BARBARA S. JONES
                              UNITED STATES DISTRICT JUDGE
```

Dated:     New York, New York
           October 28, 2010