```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MELANIE LIDLE, et al.,              :

          Plaintiffs,               :   08 Civ. 1253 (BSJ)(HBP)

   -against-                        :   OPINION
                                        AND ORDER
CIRRUS DESIGN CORPORATION,          :

          Defendant.                :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

By notice of motion dated March 26, 2010 (Docket Item 97), plaintiffs move to reopen discovery. For the reasons set forth below, the motion is denied.

II. Facts

This is a wrongful death action arising out of the deaths of former New York Yankees pitcher Cory Lidle and his flight instructor, Tyler Stanger. In October, 2006, a Cirrus aircraft occupied by Lidle and Stanger crashed into a building on Manhattan's Upper East Side while attempting to execute an approximately 180-degree turn to the left. The aircraft had been proceeding northbound through a corridor of uncontrolled airspace

over the East River.  The corridor of uncontrolled airspace terminated in a dead end and the U-turn was necessary to prevent the aircraft from entering the controlled airspace in the vicinity of LaGuardia Airport.  Lidle's aircraft was not equipped with a flight data recorder or cockpit voice recorder, and there is no direct evidence shedding light on the cause of the crash.  The principal dispute in this litigation is whether the crash was due to an error by either Lidle or Stanger in operating the aircraft or due to a lock-up of the aircraft's control system.  Plaintiffs claim that the crash was due to a lock-up of the control system, citing, among other evidence, various gouges, bends and other deformities in the wreckage of the control system which.  They also rely on a putatively similar failure experienced by Bridgette Dormire, a certified flight instructor, while flying a different Cirrus aircraft that had a flight control system of the same design.  Defendants assert that pilot error was the cause of the crash and that there was no failure of the control system. All discovery closed in 2009.

The current dispute has its origin in a Safety Recommendation Memorandum prepared by an Aviation Safety Inspector ("ASI") employed by the Federal Aviation Administration ("FAA") and submitted to the FAA's Recommendation and Analysis Division in October 2009.  The ASI reports in this memorandum that he has

2

received "numerous reports associated with Cirrus SR 20/22 flight controllability issues relating to the aileron and rudder trim cartridges" (Affidavit of Hunter Shkolnik, Esq. in Support of Plaintiffs' Motion to reopen Discovery, sworn to March 26, 2010, Exhibit A at 1). After describing the specific reports he received, the ASI concludes by requesting that the FAA "[i]nstitute an immediate design review of the SR 20/22 trim cartridge installation and operation under actual aircraft inflight loading" and that an "Emergency Airworthiness Directive" be issued prohibiting all flights of Cirrus SR 20/22 aircraft until the design review is completed (Shkolnik Aff. Ex. A at 4). Cirrus subsequently carried out additional testing in response to the ASI's concerns and concluded that "the trim cartridge design [is] in compliance with 14 CFR Part 23 [and] will maintain satisfactory operation throughout the certificated airframe life without requiring field servicing . . ." (Shkolnik Aff. Ex. B at 3). The FAA did not order the grounding of Cirrus SR 20/22 aircraft while the design review was being performed nor did it subsequently order the grounding of the aircraft.

Cirrus generated approximately 8,000 pages of documents in the course of performing the design review and produced those documents to counsel for plaintiffs on or about March 10, 2010.

I conducted an on-the-record conference call with counsel on March 19, 2010 to assess what impact, if any, the had on the case and whether they necessitated the re-opening of discovery.  Because almost all of plaintiffs' case turns on the expert analysis of scrapes, gouges and other marks found on the components of the control system of Lidle's aircraft, the significance of the documents produced in March was not readily apparent to me or to counsel.  In fact, plaintiffs' counsel expressly stated during the course of the call that he wanted to submit the documents produced in March to his experts for their review and comment.  On several occasions during the call, plaintiff's counsel admitted that he needed to obtain an assessment of the significance of the documents produced in March from his own experts, even going so far as to comment that plaintiffs' experts' opinions concerning the significance of the documents was "key."  The conference call concluded with my directing plaintiffs to make the present motion addressing the need to reopen discovery.  Plaintiffs' counsel represented that he would make such a motion and that it would be accompanied by an analysis from his experts explaining why the reopening of discovery was necessary.

Plaintiffs have not submitted anything from their experts explaining how the documents produced in March of this

4

year prejudice plaintiffs or give rise to a need to reopening discovery. To the contrary, as discussed in more detail below, plaintiffs' experts have affirmatively opined in their affidavits that the documents produced in March buttress their opinions.

III.  <u>Analysis</u>

Plaintiffs' motion is denied because they have not demonstrated that the documents produced in March affect the array of information already disclosed in discovery in any way that is adverse to plaintiffs.

According to plaintiffs' experts, the documents produced in March do not undercut their opinions. To the contrary, they claim that the documents give added weight to their opinions.

- Abdon "Don" Llorente, an expert in the field of aviation accident investigation and reconstruction states "A review of the 8000 new documents produced by Cirrus provides further support for my opinions which were set forth above. The new documents support my position that the aileron trim cartridge on the Lidle aircraft was jammed at the time of impact" (Affidavit of Abdon "Don" Llorente Submitted in Opposition to Defendant Cirrus Design Corporation's Motion to Strike the Expert

> Opinions of Abdon Llorente, sworn to March 31, 2010, ¶ 42, annexed as Exhibit A to the Affidavit of Hunter J. Shkolnik, Esq. Filed in Support of Plaintiffs' Reply to Defendant Cirrus Design Corporation's Opposition to Plaintiff's Motion to Reopen Discovery, sworn to April 15, 2010 (Docket Item 119) ("Shkolnik Reply Aff.")).

- Peter Leffe, an expert in the fields of mechanical engineering and aviation accident investigation and reconstruction retained by plaintiffs, states

    > My opinion that [the chatter marks on the trim cartridge actuator rod] were caused in flight and resulted from a jammed flight control system is further supported by documents recently produced by Cirrus Design Corporation.  These documents pertain to the FAA's design review of the Cirrus SR 20/22 trim cartridge.  The documents describe internal testing by Cirrus on several trim cartridges which revealed that the trim cartridge fails when misalignment places side loads on it.

    (Affidavit of Peter Leffe Filed in Support of Plaintiffs' Oppositions to Defendant's Motions to Strike All Expert Opinions and Opposition to Defendant's Motion for Summary Judgment, sworn to March 31, 2010, ¶ 37, see also ¶¶ 50, 53, annexed as Exhibit B to the Shkolnik Reply Aff.).

- Dr. Arun Kumar, an expert retained by plaintiffs who holds, among other degrees, a Ph.D. in Engineering with an emphasis on Metallurgy and Metal Processing, states

  > 25. The chatter marks on the trim cartridge actuator rod are quite significant. In documents recently produced to Plaintiffs by Cirrus Design Corporation, relating to the FAA's design review of the trim cartridge in the Cirrus SR 20/22 aircraft, Cirrus admits that chatter marks on the trim cartridge actuator rod are created when the flight control system is out of rig and there is binding. Further, these documents clearly rule out manufacturing marks as a cause of the chatter marks on the shaft. . . . This information further supports my analysis and conclusion that the chatter marks are caused by a side load when the flight control system is out of rig as opposed to be[ing] created by impact related forces, as is Cirrus' opinion.
  >
  > 26. In the same documents that were recently produced, Cirrus Design Corporation admitted that the trim cartridge will jam when an airplane is misrigged by the factory. . . .

  (Affidavit of Arun Kumar, Ph.D. Filed in Support of Plaintiffs' Oppositions to Defendant's Motions to Strike All Expert Opinions and Opposition to Defendant's Motion for Summary Judgment, sworn to March 31, 2010, ¶ 37, see also ¶¶ 50, 53, annexed as Exhibit C to the Shkolnik Reply Aff.).

Because, according to plaintiffs, the documents produced in March are consistent with and reinforce the opinions of their experts and do not result in any surprise or prejudice, I conclude that the interest of the parties and the public in

bringing this matter to trial outweighs the understandable desire of plaintiffs to explore every potentially relevant source of evidence. Plaintiffs' motion to reopen discovery is, therefore, denied.[1]

IV. Conclusion

Accordingly, for all the foregoing reasons, plaintiffs' motion to reopen discovery is denied in all respects.

Dated:  New York, New York
        November 18, 2010

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Hunter J. Shkolnik, Esq.
Rheingold, Valet, Rheingold,
   Shkolnik & McCartney LLP
113 East 37th Street
New York, New York  10016-3042

Patrick E. Bradley, Esq.
Oliver K. Beiersdorf, Esq.
136 Main Street
Princeton, New Jersey  08540

---

[1] Because I need not reach the issues, I express no opinion on the admissibility of any evidence concerning the design review nor do I express any opinion concerning defendant's contention that evidence concerning the design review is irrelevant because it relates to the pitch trim cartridge and not the roll trim cartridge which is primarily in issue here.